# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 06-4055

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JESUS ARREOLA-CASTILLO,

*Defendant-Appellant.*

————————

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 05-64-CR-07-B/F—**Sarah Evans Barker**, *Judge.*

————————

ARGUED APRIL 1, 2008—DECIDED AUGUST 25, 2008

————————

Before CUDAHY, RIPPLE and ROVNER, *Circuit Judges*.

CUDAHY, *Circuit Judge*. After a three-day trial, a jury convicted Jesus Arreola-Castillo of participating in a conspiracy to distribute more than 1,000 kilograms of marijuana. *See* 21 U.S.C. § § 841(a)(1), 846. Because he had already been convicted of three previous felony drug offenses, Arreola-Castillo received a mandatory minimum sentence of life imprisonment pursuant to the recidivism provisions of § 841(b)(1)(A). Arreola-Castillo

now appeals his sentence. He argues that the mandatory minimum should not have been imposed because the sentencing judge failed to properly apply § 841(b)(1)(A) and because the government failed to comply with the procedural requirements set out in § 851. We find, however, that Arreola-Castillo's sentence was properly imposed.

## I.

On December 13, 2005, Arreola-Castillo was indicted, along with five other individuals, on one count of conspiracy to distribute in excess of 1,000 kilograms of marijuana. *See* 21 U.S.C. § § 841(a)(1), 846. The charges stemmed from an investigation into a marijuana distribution ring that operated in Indianapolis, Indiana from early 2001 to August 2004. One of the ring's largest customers, Rodolfo Reyes-Aranda, agreed to cooperate with government officials, and he identified Arreola-Castillo as one of the ring's biggest suppliers. Reyes-Aranda estimated that Arreola-Castillo delivered between 100 and 140 pounds of marijuana, three or four times per month, for the duration of the conspiracy. Arreola-Castillo maintained his innocence, insisting that Reyes-Aranda was not telling the truth. The case was set for trial.

On May 22, 2006, about three weeks before trial, the government filed an information notifying Arreola-Castillo of its intent to rely on a prior felony drug conviction "pursuant to 21 U.S.C. § 851(A)(1)" (the First Information). Attached to the First Information was a certified copy of a conviction for distribution of a controlled substance

entered against "Jesus Arreola-Castillo" on May 6, 1996 in San Miguel County, New Mexico.[1] On June 6, 2006, about a week before trial, the government filed another information, notifying the defendant of its intent to rely on "a second prior felony drug-related conviction" (the Second Information). Attached to the Second Information was a certified copy of a conviction, on two counts, of trafficking in a controlled substance (cocaine) entered against "Jesus Arreola-Castillo" on February 21, 1996 in Sante Fe County, New Mexico.

The jury returned a guilty verdict on June 14, 2006, and the district court scheduled a sentencing hearing for November 7, 2006. The criminal history section of the presence report (PSR) noted the two felony drug convictions referenced in the Second Information, as well as a conviction for residential entry and a few misdemeanors.[2] According to the PSR, Arreola-Castillo's

---

[1] While the certified copy of the conviction makes clear that the offense occurred in New Mexico, the first page of the First Information erroneously stated that the San Miguel District Court was in Arizona: "On or about April 29, 1996, JESUS ARREOLA-CASTILLO was convicted in the San Miguel (Arizona) District Court for Distribution of a Controlled Substance. Judgment was entered on the conviction on or about May 6, 1996 and the conviction is a Fourth Degree Felony under New Mexico law."

[2] The conviction referenced in the First Information, however, was omitted from the PSR. The probation office later explained that the conviction did not appear on the FBI's criminal history

(continued...)

criminal history category was III. Because Arreola-Castillo had been responsible for supplying between 3,000 and 10,000 kilograms of marijuana, his base offense level was 34. *See* U.S.S.G. § 2D1.1(c)(3) (2005). The probation office recommended that the district court raise his base offense level from 34 to 37 pursuant to the career offender provisions of U.S.S.G. § 4B1.1. It then calculated the Guidelines range to be 360 months to life imprisonment. The probation office also indicated, however, that the statutory minimum was life imprisonment in accordance with 21 U.S.C. § 841(b)(1)(A) because the defendant had "two prior felony convictions."

At the sentencing hearing, Arreola-Castillo insisted that he was not the subject of the conviction referenced in the First Information. He argued that he could not have committed the offense because he lived in New Mexico at the time; he never left New Mexico, he argued, because remaining in New Mexico was a term of his probation. The government admitted that there was an error on the First Information; it mistakenly referred to San Miguel County as being in Arizona rather than New Mexico. The government asked the district court for permission to

---

[2] (...continued)
printout. It appears that counsel for the government discovered the conviction after contacting the jurisdiction directly. While the government did not object to the PSR, it did alert the district judge to the omission at the sentencing hearing. Arreola-Castillo never argued that the government was precluded from relying on the conviction referenced in the First Information because it had been omitted from the PSR.

correct the error, and Arreola-Castillo made no objection. Undeterred, Arreola-Castillo argued that the crime must have been committed by some other "Jesus Arreola-Castillo" because the conviction would have violated his probation and that violation would have shown up on his record. The district court rejected this argument. The district judge explained that the probation violation could have been absorbed in a plea agreement or even waived. The district judge noted that the government had presented solid evidence that the offense was committed by the defendant: a certified copy of the conviction, a copy of the plea agreement with a signature that matched the defendant's own signature, and a docket entry listing the same date of birth as the defendant. This was sufficient, in the district court's eyes, to establish that the prior conviction was, in fact, attributable to the defendant.

Arreola-Castillo also argued that the two convictions referenced in the Second Information only counted as one conviction for sentencing enhancement purposes. *See* 21 U.S.C. § 841(b)(1)(A). The government, however, produced a certified copy of the plea agreement in which Arreola-Castillo pleaded guilty to two counts of felony distribution. The judgment stated that the sentences for the two counts would run concurrently. For convictions to run concurrently, the district judge reasoned, there must be at least two convictions. While the district court refused to apply the career offender sections of U.S.S.G. § 4B1.1, it sentenced Arreola-Castillo to life imprisonment pursuant to the mandatory minimum provisions of § 841(b)(1)(A).

## II.

When a defendant is convicted of a drug-related offense, the existence of prior felony drug convictions may significantly enhance the mandatory minimum sentence that he or she receives. *See* 21 U.S.C. § 841(b)(1)(A). Under § 841(b)(1)(A), one prior felony drug conviction raises the mandatory minimum sentence to twenty years in prison, while two or more prior felony drug convictions raise the mandatory minimum to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). The effect of prior convictions on a defendant's sentence under § 841(b)(1)(A) can be so significant that Congress felt the need to provide special protections before the enhanced minimum can be imposed. *See United States v. Belanger*, 970 F.2d 416, 418 (7th Cir. 1992). These protections are embodied in § 851, which was enacted by Congress to satisfy "the due process requirements of reasonable notice and opportunity to be heard with regard to the prior conviction." *United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1485 (10th Cir. 1994). The defendant must receive clear notice of the government's intent to use the prior conviction at sentencing, and the defendant must have an opportunity both to deny the existence or validity of the prior conviction and to be heard on the issue. *See United States v. Jackson*, 121 F.3d 316, 319 (7th Cir. 1997); *Belanger*, 970 F.2d at 418.

Under § 851(a)(1), the government must file an information before trial indicating its intent to rely on a prior conviction for sentencing purposes. *See* 21 U.S.C. § 851(a)(1). This information must be served upon defense counsel, and it must identify the particular convictions

on which the government intends to rely. *See* 21 U.S.C. § 851(a)(1). If the defendant denies the existence or validity of a prior conviction, the court must hold a hearing, and the government must prove the prior conviction beyond a reasonable doubt. *See* 21 U.S.C. § 851(c)(1). If the prior conviction is so proven, the court may impose the enhanced minimums. *See* 21 U.S.C. § 851(d)(1). But the sentencing judge "cannot . . . enhance the sentence of a defendant convicted of a drug offense under 21 U.S.C. § 841(a) . . . unless the government complies with the requirements of 21 U.S.C. § 851(a)." *See United States v. Mayfield*, 418 F.3d 1017, 1020 (9th Cir. 2005). Section 851 also requires the district court to "enter findings of fact and conclusions of law" regarding contested issues. 21 U.S.C. § 851(c)(1). We review the district court's factual findings for clear error and its legal conclusions de novo. *See Belanger*, 970 F.2d at 418; *United States v. Denberg*, 212 F.3d 987, 991 (7th Cir. 2000).

On appeal, Arreola-Castillo makes three basic arguments. First, he argues that the district court erred in finding that the First Information and Second Information complied with the notice provisions of § 851(a)(1). Second, he argues that the district court committed clear error in concluding that there was sufficient evidence to prove the prior felony drug conviction outlined in the First Information beyond a reasonable doubt. Finally, he argues that the district court committed clear error in concluding that the convictions referenced in the Second Information constituted separate convictions for the purposes of § 841(b)(1)(A).

The mandatory minimum life sentence is triggered when the defendant has two or more prior felony drug convictions. 21 U.S.C. § 841(b)(1)(A). For Arreola-Castillo to succeed in this appeal, he must establish both that he was never convicted of the offense referred to in the First Information and that the two convictions referred to in the Second Information should count as a single conviction for sentencing purposes. If he loses on either issue, the mandatory minimum sentence is life imprisonment. Although we find that his second argument does have some merit, Arreola-Castillo cannot escape the mandatory minimum life sentence under § 851(a)(1) because his first argument fails.

## A.

Arreola-Castillo first contends that the government failed to comply with the notice requirements of § 851(a)(1). He correctly notes that the first page of the First Information mistakenly lists Arizona as the jurisdiction where the conviction was entered. But, as we have explained, the government moved to correct the error before sentencing. While Arreola-Castillo argues, rather surprisingly, that § 851 makes no provision for "amendments," the statute clearly states that "clerical errors" may be corrected at "any time prior to the pronouncement of sentence." 21 U.S.C. 851(a)(1). It is clear that the accidental reference to Arizona was a clerical error. *See, e.g.*, *United States v. Curiale*, 390 F.3d 1075 (8th Cir. 2004) (identifying the crime as a "sale" rather than as "possession" of drugs was a clerical error); *United States v. Weaver*, 267 F.3d 231 (3d Cir. 2001) (identify-

ing the crime as "involuntary" rather than as "voluntary" manslaughter was a clerical error); *United States v. Hamilton*, 208 F.3d 1165, 1169 (9th Cir. 2000) (listing an incorrect year of conviction was a clerical error); *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997) (listing an incorrect date of conviction was a clerical error). Even a cursory reading of the First Information reveals that the reference to Arizona was a mistake. The sentence that follows the mistaken reference to Arizona states that the offense was a felony "under New Mexico law." The certified copy of the conviction, attached to the information and incorporated by reference, states that the conviction was entered in New Mexico. Indeed, all of the other relevant information in the government's filing referred to New Mexico. As the district court noted, the certified copy of the conviction adequately apprised Arreola-Castillo of the date, the jurisdiction and the sentence received.

Arreola-Castillo also argues that both the First Information and the Second Information failed to comply with the notice requirements because neither he nor his counsel knew that a mandatory minimum sentence of life imprisonment would apply upon conviction. Both the First Information and the Second Information, however, clearly stated that they were being filed "pursuant to 21 U.S.C. § 851(A)(1)," so the implications should have been clear. More importantly, the record shows that Arreola-Castillo was advised of the possibility of a mandatory

minimum life sentence before the trial began.[3]

## B.

Arreola-Castillo next argues that the government failed to prove that he had committed the crime alleged in the First Information beyond a reasonable doubt. *See* 21 U.S.C. § 851(c)(1). At the sentencing hearing, however, the government presented a certified copy of the conviction, a copy of the plea agreement and the docketing record for the conviction. The certified records established that the conviction involved an individual named "Jesus Arreola-Castillo" with the same date of birth as the defendant. Arreola-Castillo conceded that he was living in New Mexico at the time; he also conceded that the signature on the plea agreement matched his own. His argument rests largely on the fact that eight other individuals living in New Mexico at the time were also named "Jesus Arreola-Castillo." But none of the other individuals named "Jesus Arreola-Castillo" had the same date of birth as the defendant. Nor, presumably, would their signatures have matched the one on the plea agreement. The argu-

---

[3] At his initial appearance, counsel for the government stated, "Your Honor, the only thing I wanted to note for the record was it appears that Mr. Arreola has two prior felony drug convictions. If an information were filed, that would trigger him for a life sentence." The district judge then turned to Arreola-Castillo and said, "If you suffered two or more qualifying state or federal controlled substance felonies, it is life imprisonment without any supervised release."

ment that other people "could be out there" was properly dismissed by the district judge as speculative. The existence and validity of these convictions were proved beyond a reasonable doubt. *See* 21 U.S.C. § 851(c)(1).

## C.

Finally, Arreola-Castillo argues that the district court erred in finding that the two counts referenced in the Second Information constituted separate convictions under § 841(b)(1)(A). Of course, the two counts are, technically, two different convictions. But courts have generally assumed that a sentencing judge may only consider prior convictions for purposes of enhancement under § 841(b)(1)(A) if they constitute separate "criminal episodes," as opposed to a single act of criminality or a single transaction. *See United States v. Garcia*, 32 F.3d 1017, 1018 (7th Cir. 1994); *United States v. Blackwood*, 913 F.2d 139 (4th Cir. 1990). To be treated as separate criminal episodes, the offenses must be "distinct in time" and require "separate planning." *United States v. Gray*, 152 F.3d 816, 821 (8th Cir. 1998).

Frankly, it is difficult to determine whether the two convictions involved separate criminal episodes because we know very little about the facts underlying those convictions. We know that both involved trafficking in cocaine; one took place on January 24, 1995 in Rio Arriba County, while the other took place on January 18, 1995 in San Miguel County. No case narrative was available, so we know nothing further. The government argues that the two convictions were separate criminal episodes

because they involved separate deliveries of cocaine. While the two offenses were certainly "distinct in time" because they took place six days apart and in different locations, *see, e.g.*, *United States v. Barr*, 130 F.3d 711, 712 (5th Cir. 1997), it is unclear whether they involved separate planning, separate customers and so forth. This is enough to give us pause.

Our skepticism deepens when we consider a related argument raised by Arreola-Castillo. Arreola-Castillo also contends that the conviction alleged in the Second Information was represented to him to be a single conviction at the commencement of trial. This is, in essence, an estoppel argument, although it also bears on the issue of whether Arreola-Castillo received clear notice of the government's intent to use all three prior convictions. There is some weight to this argument. At his initial appearance, counsel for the government stated that Arreola-Castillo had "*two* prior felony drug convictions." The Second Information notified Arreola-Castillo of the government's intent to rely on "a *second* prior felony drug-related conviction." When the issue came up on the first day of trial, the government was not clear about whether the two counts referenced in the Second Information counted as one conviction or two. Finally, the PSR referenced only two of three possible prior felony drug offenses and stated that the mandatory minimum applied because Arreola-Castillo had "*two* prior felony convictions." It was only at the sentencing hearing that it became clear that the Second Information itself contained two convictions for the purposes of § 841(b)(1)(A).

We doubt whether this constitutes clear notice of the government's intent to use all three prior convictions.

The point, however, is academic. Arreola-Castillo concedes that he was convicted on the two counts in the Second Information. Thus, he agrees that at least one conviction is contained there. When that conviction is combined with the conviction referenced in the First Information, Arreola-Castillo becomes subject to the enhanced sentencing provisions of § 841(b)(1)(A), which are triggered when the defendant has "two or more" prior felony drug convictions. 21 U.S.C. § 841(b)(1)(A). The district judge had no choice but to apply the mandatory minimum life sentence.

## III.

For the foregoing reasons, the decision of the district court is AFFIRMED.