NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2009
Decided May 7, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1235

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Divison. |
| *v.* | No. 06 CR 800-2 |
| ANTONIO TORRES, JR., *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Antonio Torres, Jr., pleaded guilty to conspiring to possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 300 months' imprisonment and 10 years' supervised release. Torres filed a notice of appeal, but his appointed counsel have moved to withdraw because they cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Torres has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Our review is confined to the

potential issues identified in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Torres has told counsel that he does not want his guilty plea set aside, so counsel appropriately focus on possible sentencing challenges. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Torres admitted that the conspiracy involved at least 5 kilograms of cocaine, and that quantity triggered a prison term of 10 years to life. But the government also sought a statutory enhancement based on Torres's prior drug conviction, *see* 21 U.S.C. §§ 841(b)(1)(A), 851, which increased the minimum term to 20 years. In their brief counsel first consider arguing that the government failed to comply with the notice requirements for the prior-conviction enhancement. Under 21 U.S.C. § 851(a), the government must file an information before trial stating its intent to rely upon a prior conviction to increase the statutory penalties. The information in this case, counsel observe, mistakenly describes the predicate conviction as "manufacture/delivery of a controlled substance (cannabis)" rather than "possession with intent to distribute cannabis." Yet the document correctly identifies the date of conviction, the court, case number, classification of offense, and the sentence imposed. And the government moved to correct the clerical error in an amended information prior to sentencing. *See* 21 U.S.C. § 851(a)(1). Because the mistake was merely a "clerical error," *see United States v. Arreola-Castillo*, 539 F.3d 700, 703-04 (7th Cir. 2008), and was corrected, we would agree that any challenge to the enhancement would be frivolous. We note, however, that Torres would have no cause to complain even if the enhancement information had been defective; the district court did not base his sentence on the 20-year minimum mandatory and instead imposed a prison sentence closer to the much-higher guidelines range that resulted from the drug quantity.

Counsel next contemplate whether Torres could challenge the calculation of his guidelines range. At sentencing Torres contended that the court's use of a prior conviction to support the calculation of his criminal history and enhancement of his sentence under 21 U.S.C. § 851 amounted to impermissible double counting. He also argued that the court's reliance upon his prior convictions was improper because when he pleaded guilty he was not informed that his prior convictions might be used to enhance a future sentence. Both arguments, though, would be frivolous. *See United States v. Woolsey*, 535 F.3d 540, 550 (7th Cir. 2008) (prior counseled convictions cannot be collaterally attacked at sentencing); *United States v. Beith*, 407 F.3d 881, 888 (7th Cir. 2005) (explaining that use of a prior conviction for more than one purpose is not prohibited). The only other potential error counsel can identify is the district court's two-level increase under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. The firearm was found along with drugs at Torres's stash house, and the government presented undisputed evidence that he knew about the gun. It was then up to Torres to prove that a connection between the gun and his drug offense was "clearly improbable," and he made no effort to discharge that burden. *See* U.S.S.G. § 2D1.1

cmt. 3; *see also United States v. Womack*, 496 F.3d 791, 797-98 (7th Cir. 2007).  Thus, any such challenge would be frivolous.

Counsel last consider whether Torres could challenge the reasonableness of his 300-month sentence—a term 24 months below the low end of the applicable guidelines range—but conclude that any such argument would be frivolous.  We agree.  We have, in fact, previously noted that it would be "hard to conceive" of a below-range sentence being unreasonably high, *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), and we have yet to encounter one, *see, e.g., United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).  Here, the court adequately explained its sentence by referring generally to the factors laid out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to afford adequate deterrence and protect the public.  Any contention that the term is plainly unreasonable would be frivolous.

For the above reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.