In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-1924

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEROME WILLIAMS, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:08-CR-72 RLM—**Robert L. Miller, Jr.**, *Chief Judge*.

ARGUED SEPTEMBER 11, 2009—DECIDED OCTOBER 14, 2009

Before EASTERBROOK, *Chief Judge*, and POSNER and
WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. A jury convicted the defendant
of drug and firearms offenses. He had two prior felony
drug convictions and therefore received a mandatory
life sentence. 21 U.S.C. § 841(b)(1)(A). The only questions
presented by his appeal that require discussion (the defen-
dant's other grounds for appeal are either foreclosed
by recent circuit precedent or frivolous) are whether the
government complied with 21 U.S.C. § 851(a)(1), the

"notice of enhancement" statute, and if not whether the defendant is entitled to be resentenced.

The statute states:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

The purposes of the statute are to give the defendant an opportunity to contest the use of his prior conviction or convictions to enhance his sentence, and to give him enough information about the potential sentence to enable him to decide intelligently whether to plead guilty or throw the dice by going to trial. E.g., *United States v. Cooper*, 461 F.3d 850, 854-55 (7th Cir. 2006); *Kelly v. United States*, 29 F.3d 1107, 1109-10 (7th Cir. 1994), overruled on other grounds by *United States v. Ceballos*, 302 F.3d 679, 689-92 (7th Cir. 2002); *United States v. Morales*, 560 F.3d 112, 115-

16 (2d Cir. 2009) (per curiam); *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995).

The defendant argues that the notice the government filed did not comply with the statute. It reads as follows:

> Comes now the United States of America . . . to hereby inform the defendant . . . that, if he is convicted of offenses under Title 21, United States Code, Section 841(a)(1), he will be subject to the enhanced penalty provisions of . . . Section 841(b). This Information and notice is filed pursuant to the provisions of . . . . Section 851. The United States further specifically informs the defendant that it will use his conviction in St. Joseph County . . . in 2002 for dealing in cocaine . . . and all other [convictions] applicable to qualify him for sentencing under the enhanced penalty provisions of . . . Section 841(b).
>
> Further information concerning the defendant's criminal history can be obtained from the United States Probation Office and specifically the Pretrial Services Report in this matter . . . .

The notice was sent to the defendant on June 17, 2008. The pretrial services report was not attached to the information. It was not filed with the district court until March 23, 2009, as an exhibit to the government's response to the defendant's objection to a life sentence; this was after the defendant's trial and before the sentencing hearing, which was held on April 3. The defendant's lawyer could have obtained a copy of the report from the district court's probation office; we don't know whether he did or not. The government does not

contend, and there is nothing in the record to suggest, that either the lawyer or his client was sent a copy of the report; there is no information about the practice in that regard of the probation office of the Northern District of Indiana.

A section of the report captioned "Prior Record" lists 19 sets of charges, identifies each charge, and lists the disposition. Three of the 19 dispositions are convictions for a felony because they involve prison sentences (though in one case it was suspended) of more than a year. But only two of the three are drug convictions and therefore could be used to enhance the defendant's sentence under section 841(b). One of them is the St. Joseph County offense mentioned in the notice of enhancement. At the sentencing hearing the prosecutor cited the other felony drug conviction as another basis for enhancement; that made two; hence the mandatory life sentence.

The defendant argues that the notice did not comply with section 851(a)(1). The statute is explicit in requiring that the government in advance of trial or guilty plea file a document with the court that lists the convictions on which it intends to rely in arguing for an enhanced sentence. The government did not list the second conviction on the basis of which the defendant's sentence was enhanced, which jacked up his minimum sentence from 20 years to life. The notice refers the reader to another document, but it is not attached and was not (so far as we can determine) otherwise conveyed to the defendant or his lawyer, and it contains a lengthy list of charges and dispositions without indicating which

one or ones the government intended to use to enhance the defendant's sentence.

The excuse that the government's lawyer gave us for these omissions does not reflect well on the Department of Justice. He said that he prepared the notice in haste—long before it was due (for it was filed only six days after the defendant was indicted, yet was not due until the eve of trial, many months later)—because he was afraid he'd forget about it. He thus has offered an all-purpose excuse for premature filings in federal courts of any and all documents.

Now as it happens the date on which his office received the pretrial services report was June 17, the very day on which he filed the section 851 information in the district court; and he does not remember whether he had received the report, or read it, before or after he filed the information. For all that appears, he attempted to incorporate by reference a document that he had not yet read, that his office had not received, and that for all we know had not been completed by the probation office when he submitted the information.

Apparently the U.S. Attorney's office for the Northern District of Indiana has no protocol for compliance with section 851, perhaps because our opinion in *United States v. Tringali*, 71 F.3d 1375, 1382 (7th Cir. 1995), states that "section 851 does not specify the particular form notice of an enhancement must take." There is similar language in many other cases. E.g., *United States v. Belanger*, 970 F.2d 416, 419 (7th Cir. 1992), overruled on

other grounds by *United States v. Ceballos, supra*, 302 F.3d at 689-92; *United States v. Boudreau*, 564 F.3d 431, 437-38 (6th Cir. 2009); *United States v. Severino*, 316 F.3d 939, 943-44 (9th Cir. 2003) (en banc); *United States v. Weaver*, 267 F.3d 231, 247 (3d Cir. 2001); *Perez v. United States*, 249 F.3d 1261, 1265-67 (11th Cir. 2001); *United States v. Layne*, 192 F.3d 556, 575-76 (6th Cir. 1999); *United States v. Gonzales-Lerma*, 14 F.3d 1479, 1485 (10th Cir. 1994), overruled on other grounds by *United States v. Botero-Ospina*, 71 F.3d 783 (10th Cir. 1995) (en banc). Sometimes the notice contains the wrong date of the offense sought to be used to enhance the defendant's sentence, or the wrong offense, or the wrong date of the right offense, or otherwise misdescribes the offense, or fails to cite section 851. Sometimes the notice isn't filed in court; sometimes the notice and the list of convictions are separate documents. It is odd that U.S. Attorneys seem to have so much difficulty in complying unambiguously with a simple statute. But the cases say that as long as the defendant has actual notice of the intended use of a prior conviction to enhance his sentence, the statute has been substantially complied with and that is good enough.

*United States v. Rutherford*, 175 F.3d 899, 903-04 (11th Cir. 1999), reached the opposite result, insisting that providing the defendant with a list of convictions separate from and not referred to in the section 851 notice did not comply with the statute. However, the Eleventh Circuit's later decision in *Perez v. United States, supra*, while not overruling *Rutherford*, held that harmless errors in the section 851 notice do not invalidate the

notice. Yet in cases like *United States v. Olson*, 71 F.2d 850, 852-53 (11th Cir. 1983), and *United States v. Bowden*, No. 08-11935, 2009 WL 32755 (11th Cir. Jan. 7, 2009) (unpublished), the Eleventh Circuit had gone further than it had in *Rutherford* and held that a failure to comply with section 851 deprives the sentencing judge of jurisdiction to enhance the defendant's sentence on the basis of a prior conviction. The Solicitor General has filed a petition for certiorari in *Bowden* (No. 09-244, Aug. 27, 2009), noting that the Eleventh Circuit is in conflict with all eight other circuits to have considered the issue. We are one of the eight. *United States v. Ceballos, supra*, 302 F.3d at 689-92. And in any event *Rutherford* is contrary to our decision in the *Belanger* case.

The defendant argues that the notice of enhancement failed to comply with the statute in several respects. The first is that it did not contain the information in the pretrial services report about the second conviction that would later be used to enhance his sentence—the information was in a separate document. The argument implies that stapling the report to the notice would not have complied with the statute. That is much too strict an interpretation.

He argues next that even if a physically attached list of convictions would satisfy the statutory requirement, a physically separate list would not. Again we disagree. The difference between stapling a list of convictions to the notice and setting forth the convictions in a completely separate document is too slight to matter, and several of the cases that we have cited uphold that method of com-

plying with the statute (*Tringali*, *Belanger*, and *Layne*). This case differs from them because the second document, the list of convictions, was not (so far as appears) actually given to the defendant. But it was incorporated by reference, and that was good enough, consistently with cases such as *Farmer v. Baldwin*, 563 F.3d 1042, 1043-44 (9th Cir. 2009); *United States v. Sealed Juvenile I*, 225 F.3d 507, 508-09 (5th Cir. 2000), and *United States v. Loya*, 807 F.2d 1483, 1492 (9th Cir. 1987), that affirm in other contexts the adequacy of notice that takes the form of incorporation by reference.

The defendant is on stronger ground in arguing that a statute which states that the required notice shall list the convictions on which the government intends to rely should not allow the government to send the defendant's lawyer to rummage in the probation office and try to guess which in a long list of "dispositions" the government might argue was a conviction usable for an enhancement—especially if the list has not yet been compiled, which may have been the situation in our case, though that is uncertain. And since the list contained only one felony drug conviction besides the one mentioned in the notice, we cannot fathom the failure to list it unless the prosecutor hadn't received or hadn't read the pretrial services report—either of which possibility seems, however, quite likely.

Furthermore, the incorporated pretrial services report provided the defendant with a list of "dispositions," not even a list of convictions (a number of the dispositions listed in the defendant's criminal history are dismissals), leaving him to guess which might be the basis of an

enhancement. Not that it was a difficult guess; but there is the added irregularity of the government's having, for all we can tell, not even seen the list before it issued the information, and conceivably having attempted to incorporate by reference a document that did not yet exist.

No doubt the defendant's lawyer would want a list of all his client's previous criminal charges, and their dispositions, for they would figure in sentencing regardless of any mandatory enhancement. They would also help him decide how badly his client's testimony would be impeached by his previous convictions if he took the stand. But the statute requires the government to indicate *which* prior convictions it plans to use as the basis for arguing for a longer sentence, and this could well be thought to require the government to specify those convictions rather than, as we said, leave the defendant's lawyer to guess.

But even if the government failed to comply with the statute, the notice adequately informed the defendant of what he was facing and so fulfilled the statutory purposes, and consequently there was no reversible error. The defendant does not contend that the second conviction was an improper basis for enhancement, and that takes care of the first purpose of the statute. He does argue that "the Government's failure to list [both] previous convictions prejudiced [him] because it did not allow him to make an informed decision of whether to enter a plea or proceed to trial." But the notice says that the government would rely on all "applicable" convictions in the pretrial services report, and it was

apparent that the second felony drug conviction was "applicable," that is, a basis for enhancement. It was the only other felony drug conviction in the list of 19 dispositions; it was unequivocally a felony drug conviction; a lawyer reading the list would notice that in about fifteen seconds; and if the defendant's lawyer had had any doubt about which conviction the prosecutor was planning to rely on for an enhancement he could have sought clarification from the prosecutor, and he didn't—doubtless because it *was* clear. Nor can we see how the defendant's lawyer might have taken advantage in guilty-plea negotiations of knowledge that his client was facing a mandatory life sentence.

We can imagine a notice and a list of convictions that were so confusing that the defendant and his lawyer could not be expected to pick out the one or ones that the government might try to use to enhance the defendant's sentence. But in this case the lawyer could arrive at the critical conviction in a simple two-step reading: the notice itself, which referred him to the list of convictions in the probation office; and the list itself, in which only one eligible conviction (besides the one named in the notice) appeared, as would be obvious from a quick reading.

The government takes a risk by sloppy compliance (or perhaps it is not compliance at all) with section 851(a)(1): the risk that either the court will hold that the government failed to provide the defendant with adequate notice or that the defendant will have a claim that by failing to interpret a confusing notice correctly

his lawyer rendered ineffective assistance of counsel. For these reasons and to spare us pointless appeals, the U.S. Attorney's office that prosecuted this case would be well advised to get its act together and comply strictly with section 851. It might also be wise for the Department of Justice to notify all the U.S. Attorneys of the importance of strict compliance, as the problem of non-compliance or sloppy compliance seems to be wide-spread, judging from the number of cases. And it is not as if strict compliance were difficult.

But the Supreme Court has been emphatic that a criminal judgment is not to be reversed as a way of disciplining prosecutors for errors, even egregious ones. *United States v. Hasting*, 461 U.S. 499, 504-05 (1983); see also *United States v. Johnson*, 26 F.3d 669, 682-83 (7th Cir. 1994). Some errors in criminal proceedings are not excusable on grounds of harmlessness, but they are errors (called "structural") that strike at the heart of criminal justice, like denial of counsel to a defendant who wants representation. See *United States v. Gonzales-Lopez*, 548 U.S. 140, 149-150 (2006), for a list of such errors. We cannot think of any reason why a violation of section 851(a)(1) should be thought such an error when it does not confuse the defendant or his lawyer. See, e.g., *United States v. Morales*, *supra*, 560 F.3d at 116-18; compare *United States v. Sperow*, 494 F.3d 1223, 1228 (9th Cir. 2007); *United States v. Arnold*, 467 F.3d 880, 887-89 (5th Cir. 2006).

AFFIRMED.