NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**


Submitted November 30, 2012
Decided December 11, 2012


*Before*

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*


No. 12-1732

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Indiana, South Bend |
| *v.* | Division. |
| JEROME WILLIAMS, JR., | No. 08 CR 72 |
| *Defendant-Appellant.* | |
| | Robert L. Miller, Jr., *Judge.* |

**O R D E R**

This criminal appeal (for earlier proceedings in this same case see 584 F.3d 714 (7th Cir. 2009)) presents a single issue: whether the district court erred, in sentencing the defendant, by adopting the figure in the presentence investigation report for the amount of crack cocaine that he had distributed: 1.678 kilograms. The defendant did not object to anything in the report, so our review is for plain error. There was no plain error—probably no error at all. There was considerable leeway for harmless error, moreover, because the sentencing range in which the amount distributed by the defendant placed him began at 840 grams, half the amount the PSR credited him with.

Typical of the errors alleged is that the PSR states that a Dorothy Stewart admitted to buying 280 grams of crack from the defendant but never testified. The government planned to call her as a witness at the trial but when the time came it couldn't find her, so she didn't testify. Nevertheless the PSR relied on her admission in calculating the total amount of crack that the defendant distributed. But of course. A PSR is not a document admissible at a trial to prove facts; it is a document used to assist the judge in deciding on a sentence. A sentencing hearing is not a trial governed by the rules of evidence, and so there is no objection to a judge's relying on information in the PSR even when the information is not based on evidence. The defendant provides no reason to think that Stewart's admission was false; and no motive is suggested for why she would exaggerate the amount of her crack purchases. The defendant's counsel thinks it a powerful argument to note the judge's reliance on "non-existent testimony" in sentencing the defendant, but a sentence need not be based on "testimony" at all.

The defendant also and with equal futility complains that the judge relied on uncorroborated testimony of admitted drug users. There is no rule that in a sentencing hearing the judge may rely on statements by admitted drug users that have been corroborated.

He also complains about Tammy Lockhart's estimate that she bought crack directly or indirectly from the defendant 20 to 30 times a day, for a total of at least 500 grams. But his principal complaint is that the PSR reported that she bought a larger quantity. That is irrelevant, because even if she bought only 500 grams, when that amount is added to the defendant's sales to other drug users the total amount he sold exceeds the 840-gram threshold.

Enough said. There is no basis for disturbing the judgment.

AFFIRMED.