In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 23-1863

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THOMAS J. WILKINSON, IV,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 21-CR-30021-001 — **Colleen R. Lawless**, *Judge.*

———————————

ARGUED DECEMBER 12, 2023 — DECIDED JUNE 2, 2025

———————————

Before SCUDDER, ST. EVE, and PRYOR, *Circuit Judges.*

PRYOR, *Circuit Judge.* Congress gave federal prosecutors the ability to seek enhanced sentences based on a defendant's prior convictions. This grant, however, came with conditions. Before a trial or before a defendant enters a guilty plea, prosecutors must state which previous convictions they seek to rely on for any sought enhancements.

The procedures set out in 21 U.S.C. § 851(a)(1) were not followed in Thomas Wilkinson's case. The government gave Wilkinson notice of *a* prior conviction in a § 851 notice. But after Wilkinson pleaded guilty, the government realized that this conviction could not enhance his sentence. So, it asked the district court to enhance Wilkinson's sentence based on *a different* prior conviction—one not mentioned in the § 851 notice. The court did so, subjecting Wilkinson to a higher statutory minimum prison term. Because this decision was a harmful error, we vacate and remand for resentencing.

## I. BACKGROUND

A federal grand jury charged Wilkinson with violating drug and firearm laws. In particular, the indictment included three counts: possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon, *id.* § 922(g)(1). Wilkinson initially pleaded not guilty.

Most significant to this appeal is the language within the special findings section of the indictment. It stated that two of Wilkinson's prior state drug convictions were "relevant to determining [his] sentence." The first was a conviction for drug trafficking, and the second was a conviction for attempting to manufacture drugs, both in violation of Missouri law.

A defendant who, like Wilkinson, is convicted of trafficking at least fifty grams of methamphetamine typically faces a minimum of ten years in prison. 21 U.S.C. § 841(b)(1)(A). That number increases to fifteen if the defendant has been convicted of a "serious drug felony." *Id.* And it increases even

further, to twenty-five years, if the defendant has been convicted of two or more serious drug felonies. *Id.* But these enhancements may only be sought if the government provides notice of the prior convictions pursuant to procedures set forth in 21 U.S.C. § 851.

After negotiating with Wilkinson's counsel, the government agreed to seek an enhanced mandatory minimum using just one of Wilkinson's prior state-law predicates listed in the indictment. In keeping with that agreement, the government filed an information, pursuant to 21 U.S.C. § 851, seeking to enhance Wilkinson's sentence based on his prior drug-trafficking conviction alone.

The next day, the court conducted a change of plea hearing. During the proceeding, the government confirmed that it was relying on Wilkinson's drug-trafficking conviction outlined in the § 851 notice to argue for an enhancement of his sentence. Specifically, the Assistant United States Attorney explained:

> As it relates to count one, I do want to note that originally, the government had filed with the indictment notice of two prior convictions. As a result of discussions and negotiations with [defense counsel] on behalf of the defendant, the government filed yesterday an information alleging only one prior conviction as part of this plea.

Later in the hearing, when asked about the factual basis for the plea, the prosecutor expanded on her earlier explanation regarding the § 851 notice stating:

> The defendant has been previously convicted of multiple offenses, which are felony offenses, in the State of Missouri, including the offense of trafficking in drugs, … which forms the basis of the prior conviction which enhances count one.

Then when asked about any advisements that the court should give Wilkinson before he pleads guilty, the prosecutor reiterated that although the indictment listed two § 851 convictions, it was only relying on the one conviction listed in the § 851 notice for the sentencing enhancement. Wilkinson pleaded guilty to all three counts in the indictment.

Before sentencing, the parties realized that Wilkinson's prior drug-trafficking conviction cited in the § 851 notice could not enhance his minimum sentence to fifteen years. Recall that the enhanced minimum applies only when a defendant has committed a "serious drug felony." 21 U.S.C. § 841(b)(1)(A). And to be a "serious drug felony," a state law must criminalize possession "with intent to manufacture or distribute." 21 U.S.C. § 802(58) (incorporating the definition of "serious drug offense" in 18 U.S.C. § 924(e)(2)). The Missouri drug-trafficking statute under which Wilkinson was convicted criminalizes the possession of drugs but not the intent to distribute them. MO. REV. STAT. § 579.068. So, the prior conviction relied on by the government in its § 851 notice was not a serious drug felony capable of enhancing Wilkinson's federal sentence.

Undeterred, the government still sought to hold Wilkinson to a fifteen-year minimum. In its sentencing memorandum, the government asked the district judge to swap out the invalid predicate (*i.e.*, the drug trafficking conviction) for a valid one (*i.e.*, the attempt to manufacture drugs conviction).

In the government's view, this other conviction could enhance Wilkinson's sentence even though it was mentioned only in the indictment and not in the § 851 notice.

Over Wilkinson's objection, the district court agreed with the government. Though the court recognized the government had not strictly complied with the requirements of 21 U.S.C. § 851, it concluded that the government had done enough to substantially comply with the purposes of the statute. The court highlighted that Wilkinson's attempt to manufacture predicate was included in the indictment. The court also noted that Wilkinson had been given "an opportunity to contest the use of his prior conviction" in deciding whether to plead guilty or to go to trial. In making this determination, the district court relied on the Eighth Circuit's decision in *United States v. Johnson*, which explains that an indictment can satisfy the notice requirement of § 851. 462 F.3d 815 (8th Cir. 2006). Accordingly, the court concluded that Wilkinson's possession of methamphetamine count carried a fifteen-year mandatory minimum prison term.

The district court sentenced Wilkinson to a twenty-year term of imprisonment followed by ten years of supervised release. On the first count, the court imposed what it believed to be the minimum prison term of fifteen years based on the substituted prior conviction which enhanced this minimum. The prison sentence for the third count was ten years which ran concurrently to the first count. The sentence for the second count was five years which ran consecutively to each of the other counts.

Wilkinson now appeals.

## II. Discussion

Before us, Wilkinson argues that he should not have faced a minimum of fifteen years in prison for possessing methamphetamine because the government did not comply with the notice requirements of 21 U.S.C. § 851(a)(1). The government responds that it effectively complied with the statute by satisfying § 851's purposes and that, regardless, any error would be harmless.

### A. The Statutory Framework of 21 U.S.C. § 851(a)(1)

Under 21 U.S.C. § 841(b), Congress has outlined the penalties associated with federal drug crimes which include, and as relevant here, a defendant's prior drug convictions which can enhance their sentence. Thus, because of the effect of prior convictions on a defendant's sentence under 21 U.S.C. § 841(b)(1)(A), Congress enacted special protections before a court could impose certain enhanced minimum sentences on the defendant convicted of a drug-related offense. *United States v. Arreola-Castillo*, 539 F.3d 700, 703 (7th Cir. 2008) (*Arreola-Castillo I*).

These protections are embodied in 21 U.S.C. § 851 and were enacted to satisfy "the due process requirements of reasonable notice and opportunity to be heard with regard to the prior conviction." *Id.* (quoting *United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1485 (10th Cir. 1994)). To that end, the government may seek the § 841(b) enhanced penalties for drug-related offenses only if it complies with the requirements set out in § 851. *Arreola-Castillo v. United States*, 889 F.3d 378, 384 (7th Cir. 2018) (*Arreola-Castillo II*) (explaining the procedures the government must follow to impose a recidivism penalty under § 841).

The "Notice of Enhancement" statute, Title 21 U.S.C. § 851(a)(1) provides, in relevant part, that a district court may not enhance a sentence unless certain conditions are met:

> No person … shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court … stating in writing the previous convictions to be relied upon.

We have interpreted this section to require the United States Attorney, before the guilty plea, to file a document with the sentencing court that indicates the government's intent to rely on a prior conviction to enhance a defendant's sentence. *Arreola-Castillo I*, 539 F.3d at 703 (citing 21 U.S.C. § 851(1)(a)); *United States v. Williams*, 584 F.3d 714, 716 (7th Cir. 2009). We have found sufficient notice under § 851 when the defendant has been given reasonable notice of the prior conviction the government intends to rely on and the opportunity to be heard regarding the possibility of the enhanced sentence. *Arreola-Castillo I*, 539 F.3d at 703. The sentencing court may enhance the sentence of a defendant convicted of a drug offense under 21 U.S.C. § 841(a), only if the government complies with the requirements of 21 U.S.C. § 851(a).

**B. Application of 21 U.S.C. § 851**

We review the sufficiency of a § 851 notice de novo. *United States v. Lawuary*, 211 F.3d 372, 376 (7th Cir. 2000), *overruled on*

*other grounds*, *United States v. Ceballos*, 302 F.3d 679, 692 (7th Cir. 2002).[1]

Here, the government filed an information the day before Wilkinson's change of plea hearing. The § 851 notice identified Wilkinson's prior drug-trafficking conviction as the enhancement predicate. This provided Wilkinson with notice and gave him an opportunity to challenge the use of this conviction to enhance his sentence. The government, however, did not rely on this conviction at sentencing. Instead, the government relied on Wilkinson's prior conviction for attempting to manufacture methamphetamine to argue for the § 841(b)(1)(A) sentencing enhancement.

The text of 21 U.S.C. § 851(a)(1) requires the government to file an information that identifies the particular conviction on which it intends to rely on for an enhancement. Because the government did not provide written notice of its intent to incorporate Wilkinson's attempt to manufacture conviction to seek the sentencing enhancement, before or at his plea hearing, the district court erred in finding the government provided adequate notice as required under § 851. *Williams*, 584 F.3d at 717–18.

---

[1] The government, for its part, disagrees with the appropriate standard of review. It argues that we should review Wilkinson's appeal for plain error. To reach this result, the government frames Wilkinson's appellate argument as one about due process and points out that he never raised a constitutional argument below. We disagree with this characterization. Wilkinson's argument is statutory in nature: he challenges the district court's conclusion that the government complied with § 851. Because he made this argument below, our review is de novo. *United States v. Cooper*, 461 F.3d 850, 853 (7th Cir. 2006).

**C. The Government's Counterarguments**

The government resists this conclusion in two ways, but neither is persuasive. Its first argument centers around the flexibility of § 851 and its second argument focuses on the purposes of the statute.

*1. Flexibility of 21 U.S.C. § 851*

The government first argues that we should grant it leeway because we have not interpreted the statute strictly in the past. This argument rests on a misunderstanding of our case law.

True, our precedent has been flexible with how the government provides notice under § 851. *United States v. Tringali*, 71 F.3d 1375, 1382 (7th Cir. 1995). Because § 851 "does not specify the form the filing must take," we have "been flexible with regard to what the government must do in order to comply" with it. *Lawuary*, 211 F.3d at 376. In other words, there is no magic document template that the government must use. *Williams*, 584 F.3d at 716–17.

Such flexibility, though, applies to a particular situation: when the government includes the relevant information across multiple written documents. Separating the notice into multiple documents, we have held, can be permissible. *E.g.*, *Williams*, 584 F.3d at 715–18 (approving the government's § 851 notice which incorporated by reference "all other convictions applicable" in the presentence investigation report) (alteration omitted); *Tringali*, 71 F.3d at 1382 (concluding that the combination of an § 851 notice and a Rule 404(b) motion, which identified the particular prior convictions, was sufficient). The Eighth Circuit case that the district court invoked, *United States v. Johnson*, concerned a similar situation. 462 F.3d

at 823–24 (explaining that both the indictment and the government's trial memorandum noted that the defendant's prior felonies subject him to enhanced penalties).

What happened in Wilkinson's case is different. In the above cases, the defendant knew, in some capacity, what particular conviction the government sought to use to enhance his sentence before trial or before entering their plea of guilty. In Wilkinson's case, there was no indication in the written § 851 notice that the government would seek to rely on Wilkinson's attempt to manufacture conviction to enhance his sentence. Nor were there any supplemental filings before Wilkinson pleaded guilty to suggest that the government would be incorporating the prior convictions listed in the indictment to support its argument. In fact, at the plea hearing, the government was consistent that it was seeking an enhancement based on the § 851 information which identified only Wilkinson's drug trafficking conviction.

While our precedent allows the government to provide § 851 notice in a variety of methods, the point remains that *the government* must provide sufficient written notice of the prior conviction on which it relies to seek an enhanced penalty before the defendant pleads guilty. To conclude otherwise would ignore § 851's express requirements.

In sum, our case law has granted the government considerable flexibility with respect to how it supplies notice because the statute is silent on those procedures. This flexibility, however, is not a license to ignore the few procedures that Congress has expressly outlined.

### 2. Purposes of 21 U.S.C. § 851

The government next contends that it need not have strictly complied with the text of § 851 as long as the purposes of the statute were met. Those purposes are (1) to give the defendant an opportunity to contest the use of his prior conviction, and (2) to allow him to intelligently decide whether to plead guilty. *Williams*, 584 F.3d at 715.

The fundamental flaw with this argument is that Wilkinson was never given the chance to make an informed decision of whether to enter his plea or proceed to trial concerning the particular conviction the government used to argue for a longer sentence. The indictment listed two of Wilkinson's prior convictions, but the government agreed to pursue only the drug-trafficking conviction. Under these circumstances, Wilkinson could not have expected the government to rely on the attempted-manufacture predicate to enhance his sentence. The government functionally told him that it would *not* rely on that conviction, so it was impossible for him to take into account the risks and benefits of pleading guilty or risking trial with that predicate looming.

For a choice in this context to be informed, the defendant must know which predicates might be used against him. Indeed, a large part of what makes the choice "informed" is the ability to calculate the odds of successfully challenging the predicate. *See Williams*, 584 F.3d at 718 (concluding that the defendant could have made an informed decision because he knew a predicate was "applicable"). The government thus strips a defendant of the chance to make an informed choice when, as here, it relies on a *different* predicate after the defendant pleads guilty.

For these reasons, we disagree with the government that the purposes of 21 U.S.C. § 851 were satisfied in Wilkinson's case.

### D. Harmless Error

Because the district court erred when it concluded that the government properly abided by the requirements of § 851(a)(1), we must now ask whether that error was harmless.

The government argues that nothing would have changed in the district court had the § 851 notice been proper: Wilkinson did not base his choice to plead guilty on which predicate the government selected, and he had a chance to contest the attempted-manufacture predicate at sentencing. In support, the government relies on *United States v. Lewis*, 597 F.3d 1345, 1347 (7th Cir. 2010), a case in which we held that a deficient § 851 notice did not create a plain error.

Wilkinson responds that the government is looking at the wrong error. Regardless of how we have analyzed the problem in the context of plain error, he contends, a harmless error analysis evaluates whether the district court's error was harmful. In Wilkinson's view, then, the relevant variable is the district court's error of concluding that the government complied with § 851, not the government's error of filing a faulty notice in the first place. Understood this way, he continues, the error is harmful because it could have impacted his sentence.

Wilkinson is right. The harmless error doctrine evaluates whether the district court's error affected the defendant's substantial rights. *United States v. Clark*, 906 F.3d 667, 671 (7th Cir. 2018); *see also* FED. R. CRIM. P. 52(a) (an error is harmless if it

does not affect a defendant's "substantial rights"). In the context of sentencing errors, we must remand unless we are convinced that the error did not affect the district court's choice of sentence. *United States v. Wilcher*, 91 F.4th 864, 869 (7th Cir. 2024); *United States v. Alvarez-Carvajal*, 2 F.4th 688, 693 (7th Cir. 2021). The burden of proving that the sentence would remain the same falls on the government. *Id.*

The government has not met its burden in this case. The district court based Wilkinson's sentence on the possession of methamphetamine count on an incorrect assumption: the belief that it had to send Wilkinson to prison for a mandatory minimum of fifteen years. When a district court misunderstands the scope of its discretion, including by applying an incorrect statutory minimum, we presume that the error is harmful. *See Coleman v. United States*, 79 F.4th 822, 833 (7th Cir. 2023) (presuming prejudice in the context of an ineffective assistance of counsel claim). This is because a statutory minimum "often anchor[s] a court's choice of a suitable sentence." *See United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020). Without the anchor, then, the district court might have imposed a lower sentence. *See Molina-Martinez v. United States*, 578 U.S. 189, 204 (2016) (concluding that a Sentencing Guidelines range will "in most cases … affect the sentence" because the range "serve[s] as the starting point for the district court's decision and anchor[s] the court's discretion").

Nothing in the record convinces us that the district court would have imposed the same sentence if it were not for its error in applying an enhanced statutory minimum. The district court, for example, did not say that the statutory minimum had no effect on its choice of sentence. *United States v. Caraway*, 74 F.4th 466, 468 (7th Cir. 2023). Instead, it sentenced

Wilkinson to the least amount of prison time on count one that it believed it could have.

Because the district court might sentence Wilkinson to less prison time on the first count were it not for the § 851 error, we must remand for resentencing. *Clark*, 906 F.3d at 671. In doing so, we make no comment on the appropriate amount of time to impose. We leave that decision up to the sound discretion of the district court.

### III. CONCLUSION

For these reasons, we VACATE the district court's judgment and REMAND for resentencing.