United States v. Morales

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: February 2, 2009                    Decided: March 18, 2009)

Docket Nos. 07-4202-cr (L), 07-5529-cr (Con)

_____

UNITED STATES OF AMERICA,

Appellee,

-v-

RAMON MORALES and LUIS OROZCO-CASTANOS,

Defendants-Appellants.

_____

Before: POOLER and SOTOMAYOR, Circuit Judges, and JONES,[*] District Judge.

_____

Before trial, the government served defendant Ramon Morales with a prior felony

information, see 21 U.S.C. § 851(a)(1), warning that Morales was subject to an enhancement of

his sentence pursuant to 21 U.S.C. § 841(b)(1)(B) because he had a prior felony narcotics

conviction. Before sentencing but after trial, the government filed an amended prior felony

_____

[*] The Honorable Barbara S. Jones, United States District Judge for the Southern District
of New York, sitting by designation.

information referencing 21 U.S.C. § 841(b)(1)(A). While the mandatory minimum sentence under Section 841(b)(1)(B) is ten years' imprisonment, the mandatory minimum under Section 841(b)(1)(A) is twenty years' imprisonment. At sentencing, the government sought and the United States District Court for the Southern District of New York (Koeltl, J.) imposed an enhancement pursuant to 21 U.S.C. § 841(b)(1)(A).

The conviction is AFFIRMED in an accompanying summary order, but we REMAND for further proceedings concerning the impact on the sentence of the government's omission of Section 841(b)(1)(A) from the prior felony information.

―――――――

B. ALAN SEIDLER, New York, NY, for Defendant-Appellant Ramon Morales.

Norman Trabulus, New York, NY, for Defendant-Appellant Luis Orozco-Castanos.

NICOLE W. FRIEDLANDER, Assistant United States Attorney for the Southern District of New York, for Lev. L. Dassin, Acting United States Attorney for the Southern District of New York (Katherine Polk Failla, Assistant United States Attorney, on the brief, New York, NY) for Appellee.

―――――――

PER CURIAM:

We review the determination of the United States District Court for the Southern District of New York (Koeltl, J.) that the government committed only a clerical error subject to correction at any time, see 21 U.S.C. §851(a)(1), when it cited only the lower of the two applicable prior-narcotics-felony enhancements in the prior felony information served on

2

defendant Ramon Morales before trial. We hold that a remand is required in order that the District Court may determine whether Morales was prejudiced by the government's omission.

The federal narcotics laws require that the sentence for a defendant convicted of certain narcotics offenses be increased if the defendant has a prior felony narcotics conviction. In particular, 21 U.S.C. § 841(b)(1)(A) generally provides for a mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment for an offense involving one kilogram or more of heroin. However, if the defendant was previously convicted of "a felony drug offense," the mandatory minimum is twenty years' imprisonment. Likewise, under 21 U.S.C. § 841(b)(1)(B), a defendant convicted of a narcotics offense involving 100 grams or more of a substance containing heroin faces a mandatory minimum sentence of five years' imprisonment and a maximum sentence of forty years' imprisonment, but if he or she has a prior felony drug conviction, the minimum is ten years and the maximum, life. As a condition precedent to the court's imposition of an enhanced penalty under either of these subsections, the United States Attorney must — prior to trial or plea — file and serve on the defendant an information "stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1);[1] see Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005). If the government fails

---

[1] Section 851(a)(1) provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the

3

to timely file an information identifying the previous conviction(s), only the lower penalty otherwise applicable may be imposed. United States v. LaBonte, 520 U.S. 751, 754 n.1 (1997). However, "[c]lerical mistakes" can be corrected at any time prior to the imposition of sentence. 21 U.S.C. § 851(a)(1).

The government timely filed and served on defendant Ramon Morales a prior felony information accurately describing the prior offense on which it wished to rely. Had the government gone no further, the District Court would have been required to impose at least a twenty-year sentence because (1) Section 851(a)(1) does not require that the government identify the statutory section authorizing an enhanced penalty; and (2) assuming the proper filing and service of an accurate prior felony information, the trial court must impose the mandatory minimum.

However, the government went beyond accurately describing the prior felony and added potentially misleading information. After describing the qualifying prior felony conviction, the information continued: "[a]ccordingly, . . . the defendant[] is subject to the enhanced penalties of Title 21, United States Code, Sections 841(a), 841(b)(1)(B), and 851." The indictment charging Morales contained two counts: a conspiracy count involving one kilogram or more of heroin and a substantive count involving 100 grams or more of heroin. The reference to Section 841(b)(1)(B) clearly informed Morales that the government would seek and the District Court

court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

would be required to impose a sentence of at least ten years on the substantive count. Morales contended at sentencing that he went to trial because he believed that the only mandatory minimum the government would seek was the ten years authorized by Section 841(b)(1)(B).[2] This argument has some force because lack of an affirmative obligation to convey information does not necessarily excuse the giving of potentially misleading incomplete information. Cf. United States v. Couto, 311 F.3d 179, 187-88 (2d Cir. 2002) (holding that although we had previously held that an attorney's failure to inform his or her client of the immigration consequences of a conviction was not ineffective assistance, actively misleading the client concerning these consequences was ineffective assistance).

Nevertheless, because Section 851 does not require that a prior felony information identify the statutory basis of a proposed enhancement or its length, the government urged at sentencing that its mistake in identifying the relevant statute was at worst a "clerical" error, which it corrected in an amended prior felony information filed and served after Morales's conviction but before his sentencing. The District Court agreed and sentenced Morales to twenty years' imprisonment.

Two Circuits have considered whether an omission that could lead the defendant to believe that the government is seeking a lower sentence than the one the government actually seeks requires a remedy at sentencing. The District Court's decision is consistent with the position of the Fourth Circuit. See United States v. Campbell, 980 F.2d 245 (4th Cir. 1992). In

---

[2] This argument is the only one addressed in this per curiam opinion. We today affirm Morales's conviction in a summary order and grant counsel for defendant Luis Orozco-Castano's motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967) as well as the government's motion for summary affirmance of Orozco-Castano's judgment of conviction.

5

Campbell, the government filed and served a prior felony information citing only 21 U.S.C. § 841(b)(1)(C), which provides that "repeat drug offenders 'shall be sentenced to a term of imprisonment of not more than 30 years.'" Id. at 247 & n.2. After conviction but before sentencing, the government realized its mistake and sought to amend the information to refer to Section 841(b)(1)(B), which provides a mandatory minimum penalty of ten years' imprisonment for repeat offenders. Id. at 247. The District Court allowed the amendment, and Campbell appealed. Id. at 248. Finding that the purpose of Section 851 was to afford a defendant notice so that he or she can show that the enhancement does not apply, the Fourth Circuit held that the misstatement of the section imposing the enhanced penalty was a clerical one that could be corrected at any time before sentencing. Id. at 252 & n.11. The court also noted, however, that "[a]t oral argument, Campbell's attorney conceded that his trial strategy would have been no different had the government's pretrial information recited the correct sub-part." Id. at 252.

The Fifth Circuit considered a similar error in a prior felony information to be potentially much more serious. See United States v. Arnold, 467 F.3d 880 (5th Cir. 2006). In Arnold, as in this case, the government timely filed and served a prior felony information informing the defendant, Marcus Arnold, that he was subject to enhancement pursuant to 21 U.S.C. § 841(b)(1)(B), which would have subjected Arnold to a mandatory minimum sentence of ten years' imprisonment. Id. at 882. Prior to sentencing, but after trial, the government offered an amended information replacing Section 841(b)(1)(B) with Section 841(b)(1)(A). Id. Because Arnold had two prior felony convictions, he was subject to a mandatory minimum of life imprisonment under Section 841(b)(1)(A). The Fifth Circuit held that one of the purposes of Section 851's requirement was to allow a defendant "ample time to determine whether to enter a

6

plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." Id. at 887 (quoting United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995)). The Court, therefore, remanded in order to determine whether the defendant had been prejudiced by the citation of the wrong statute. Id. at 882, 888.[3] In particular, the District Court was asked to determine "whether Arnold was aware before trial that a mandatory life sentence could be imposed upon his conviction; and, if not, whether, in this particular case, such ignorance did in fact make any difference in the defense conduct respecting the case." Id. at 888.

Thus, both the Fourth and Fifth Circuits were influenced by their conceptions of the purpose(s) of Section 851(a)(1) when they determined how to treat potentially misleading language in a prior felony information. We agree with the Fifth Circuit that Section 851(a)(1) has two purposes. In Vadas v. United States, 527 F.3d 16, 23 (2d Cir. 2007), we held:

> Section 851's notice requirement reflects, essentially, two goals, first "to allow the defendant to contest the accuracy of the information," and second "to allow defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict."

(quoting Williams, 59 F.3d at 1185 (11th Cir. 1985)).[4]

---

[3] Surprisingly neither party cited Arnold to this court. We, therefore, suspect that the parties did not alert the District Court of the existence of authority contrary to Campbell, which the District Court cited in its oral decision. After oral argument, the government submitted a letter addressing Arnold to this court. It did so without the permission of the court and annexed material not included in the original appendix. Because the purported Federal Rule of Appellate Procedure 28(j) letter contained no new authority and was, in fact, argument, the court's permission should have been obtained. In addition, the government should have moved to file a supplemental appendix rather than simply submitting it as a supplement to its Rule 28(j) letter. Of course, the government may ask the District Court to consider this material — along with any other testimony and evidence the parties seek to offer — on remand.

[4] In addition to the Fourth Circuit, the Sixth and Seventh Circuits have thus far identified only the ability to prove that the prior felony enhancement is inapplicable as a purpose of Section

7

Because the <u>Vadas</u> court did not explain its conclusion that one of the purposes of a prior felony information is to allow the defendant to knowledgeably prepare for trial or determine to plea bargain, we pause briefly to explain why that conclusion is sound. Concededly, the most readily apparent purpose of Section 851(a)(1) is allowing the defendant to defend against the allegation that he has a prior felony drug conviction. This is so because the information required by the statute is the prior conviction.

However, the failure of Section 851(a)(1) to require the government to list the statutes that establish the enhanced penalty is also consistent with a congressional purpose of enabling a defendant to prepare for trial and/or to decide that plea bargaining is his or her best course. Coupled with the statement of charges in the indictment, a description of the prior felony drug offense in the information will enable competent defense counsel to research applicable penalties and determine his or her client's maximum exposure. Accordingly, if the prior conviction is identified <u>and no misleading statements are made</u>, the purpose of allowing a defendant to determine whether to plead or to adjust his or her trial strategy is also satisfied.

More important, another portion of the statute — the requirement for notice prior to trial or plea — strongly suggests that one of the purposes of the statute is to allow the defendant to decide whether to plead or to plan trial strategy in light of the penalties he or she may receive. If

---

851(a)(1). <u>See</u> <u>United States v. Pritchett</u>, 496 F.3d 537, 548 (6th Cir. 2007); <u>United States v. Jackson</u>, 121 F.3d 316, 319 (7th Cir. 1997); <u>cf.</u> <u>United States v. Weaver</u>, 267 F.3d 231, 247 (2d Cir. 2001) (similarly identifying the statute's purpose as allowing a defendant the opportunity to contest the alleged prior felonies to the prior violent-felony-enhancement). However, along with the Fifth and Second Circuits, the Eighth, Ninth, and Eleventh Circuits have held or suggested that allowing the defendant sufficient warning to prepare for trial or to determine whether he or she wishes to proceed to trial is an additional purpose of Section 851(a)(1). <u>See</u> <u>United States v. Severino</u>, 316 F.3d 939, 943 (9th Cir. 2003) (en banc); <u>Williams</u>, 59 F.3d at 1185; <u>United States v. Johnson</u>, 944 F.2d 396, 407 (8th Cir. 1991).

opportunity to question the prior conviction were all that was required, notice after conviction but prior to sentencing would suffice.

Because one of the purposes of Section 851(a)(1) is to assist the defendant in making trial and plea-bargaining decisions, we hold that a prior felony information that, like this one, could mislead a defendant as to the minimum penalty he or she would face after a jury's conviction undermines Congressional intent. We must now determine the appropriate remedy for the omission of Section 841(b)(1)(A) in the original prior felony information. One possibility is to apply the drastic remedy provided by Section 851(a)(1) itself and to preclude the District Court from imposing a penalty that would be authorized only by Section 841(b)(1)(A).[5] We conclude that the Section 851(a)(1) remedy is inappropriate because the government literally complied with Section 851(a)(1) by accurately describing the prior drug felony. What is at stake here is not a breach of the statute but rather an undermining of a congressional goal that may or may not have prejudiced Morales. Thus, automatically precluding the trial court from applying the Section 841(b)(1)(A) sentencing range is not necessary. Nevertheless, ignoring a misleading government statement of potential penalties would create serious due process issues if it interfered with the defendant's preparation for trial or caused him or her not to plea bargain for a lesser sentence.

This concern apparently motivated the Fifth Circuit in its selection of a remand as a remedy. We agree with that court that it is not possible to determine the appropriate ultimate

---

[5] Of course, because the range of sentencing set forth in Section 841(b)(1)(B) encompasses the twenty-year sentence Morales received, the District Court would be free to reimpose that sentence if it determined it was reasonable after consideration of the factors set forth in 18 U.S.C. § 3553(a).

remedy, if any, until it is known whether the mistake in the prior felony information adversely affected defendant's decision to go to trial or his trial strategy. Although remand may not always be the appropriate remedy when potentially misleading information concerning the potential enhancement is included in a prior felony information, e.g., where the defendant concedes that the error did not affect his trial strategy, see Campbell, 980 F.2d at 252, the record in this case does not allow us to determine with confidence whether Morales or his counsel was misled or whether they would have made different strategic decisions in the absence of the omission in the prior felony information. While defense counsel conceded that he and the prosecutor had conversations prior to the filing of the prior felony information in which he was informed that Morales faced a twenty-year mandatory minimum, defense counsel added:

> those conversations predated the filing of the first prior felony information. My response, quite frankly, to that, when the prior felony information was filed was, well, the government has come to its sense[s] with regard to a 67-year-old man and has decided to show some degree of proportionality; not that a mistake had been made. After that, there was never again a reference anywhere — after the first prior felony information was filed was there ever a reference to 20 to life again.
>
> So, we go to trial, and we make a decision to go to trial based often [sic] the government's position that the enhancement shall be ten to 40. Now, after the defendant is convicted, the government says, no, wait a minute, the penalty range isn't ten to 40. The penalty range should really be 20 to life, and we didn't include that in there as a clerical mistake . . . .

Because Section 851(a)(1) does not require the government to file a prior-felony information seeking the highest possible penalty or indeed to file an information at all, counsel's belief that the government was exercising its discretion in favor of his sixty-seven year old client is at least

10

facially plausible.[6]  Hence, this is an appropriate case to remand in order that the District Court can determine (1) whether defendant understood the citation to 841(b)(1)(B) and the absence of a citation to 841(b)(1)(A) as an indication that the government had elected not to seek Section 841(b)(1)(A)'s higher mandatory minimum; and (2) if so, whether, defendant's misapprehension adversely affected trial strategy or triggered a decision to go to trial rather than to accept or seek a plea bargain.  Among the many factors that may be relevant to the District Court's decision is the status of plea negotiations, if any, at the time the preliminary felony information was filed.

Assuming that Morales's decision to proceed to trial or his trial strategy was adversely affected by a government-caused misunderstanding of the minimum sentence Morales faced, the District Court may resentence if it would have imposed a lower sentence on Morales absent the mandatory minimum.[7]

## CONCLUSION

For the reasons expressed in the accompanying summary order, Morales's conviction is affirmed.  We remand for further proceedings concerning Morales's sentence in conformance with this opinion.

---

[6] Interestingly, an earlier proposed version of Section 851(a)(1) required the government to file an information if the defendant had a prior felony conviction or convictions.  United States v. Steen, 55 F.3d 1022, 1027 n.10 (5th Cir. 1995) (describing S.Rep. No.613, 91st Cong., 1st Sess. 27 (1969)).

[7] Morales also contends that his sentence is unreasonable.  However, if the District Court Correctly imposed the mandatory minimum, the sentence cannot be unreasonable.  Therefore, the current record does not allow us to address reasonability.  Should Morales wish to challenge either the proceedings on remand or the reasonability of his sentence, he may reinstate this appeal by filing a letter with the court expressing this intent and attaching a copy of the District Court's decision on remand.