FILED
United States Court of Appeals
Tenth Circuit

September 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES NELSON FULTON,

Defendant-Appellant.

No. 08-3261
(D.C. No. 5:07-CR-40117-SAC-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

A jury rejected defendant James Nelson Fulton's entrapment defense and found him guilty of three drug charges: possession with intent to distribute approximately 63 grams of cocaine; use of a telephone to facilitate a drug transaction; and possession with intent to distribute approximately one kilogram of cocaine. Mr. Fulton appeals, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In 2001, Mr. Fulton was released from prison after serving a sentence for cocaine-related crimes. Four years later, one of his former prison-mates entered a guilty plea to a federal firearms charge. The prison-mate met with federal agents and agreed to be a confidential informant, hoping to receive a more lenient sentence in exchange for his cooperation. In furtherance of his confidential-informant role, the prison-mate renewed his friendship with Mr. Fulton in 2006 and began visiting him at his place of employment. During their talks, the confidential informant suggested that the two work together on drug deals. Mr. Fulton initially resisted the proposition, asserting that he had become a law-abiding employee, family man, church-goer, and student. But the confidential informant had seen Mr. Fulton possessing powder cocaine and cooking it into crack cocaine after his release from prison.

In March of 2007, Mr. Fulton agreed to participate in the first of the two transactions that led to his indictment: selling 63 grams of powder cocaine to the confidential informant. The second transaction took place on May 9, 2007, when the confidential informant arranged for Mr. Fulton to buy a kilogram of cocaine from an undercover agent. The episode ended with Mr. Fulton's arrest.

At trial, Mr. Fulton did not contest the government witnesses' description of the transactions. Instead, his theory of the case was that government agents had entrapped him. As relevant to the entrapment defense, the government

proffered the confidential informant's testimony that he witnessed Mr. Fulton

obtain nine ounces of cocaine on December 31, 2006, without the informant's

prior knowledge or assistance.  Mr. Fulton objected to the evidence as irrelevant

and unduly prejudicial under Fed. R. Evid. 404(b).  The government contended

that the evidence  was offered "to prove motive, intent, knowledge, absence of

mistake, pretty much each of those criteria, and opportunity."  R. Vol. 2, at 173.

Without elaboration, the district court ruled the evidence was admissible and

allowed the confidential informant to testify about the incident.

Through the admission of video or audio recordings, the jury also had an

opportunity to evaluate Mr. Fulton's conduct during the charged transactions.  In

addition, Mr. Fulton testified on his own behalf.  He maintained that the

confidential informant had coerced him into drug dealings through pleas for

financial help, exploitation of their friendship, and sheer persistence.  He

explained his own motives for the May 9 transaction:

> I already told him, I said--I said, Man, I don't want to do this.  But
> then in the same time, I was like, well, maybe I can make something
> off of it if we could do it.  And I was like maybe this is my big ticket
> out of here.  You know, I had a dream.  I just wanted to leave
> Topeka.  I just want to go somewhere and start all over.  And I was
> like, well, maybe I could do it one more time with you.

*Id.* at 346.  He said that the confidential informant made the "deal seem like it

was going to be a good deal."  *Id.* at 382.

In submitting the case to the jury, the district court provided an instruction on entrapment, as well as an instruction limiting the contested evidence to Mr. Fulton's intent and knowledge. The jury found Mr. Fulton guilty on all counts. Later, the district court denied Mr. Fulton's motion for acquittal notwithstanding the verdict.

## II.

On appeal, Mr. Fulton raises two inter-related arguments. First, he attacks the district court's admission of evidence of the confidential informant's testimony on the unsolicited drug transaction. Second, he argues the evidence was insufficient to support the jury's finding that the government did not entrap him.

Both arguments are associated with his entrapment defense. The two basic elements of entrapment are (1) government agents' inducement of the defendant to commit the crime and (2) absence of the defendant's predisposition "to commit the offense given the opportunity." *United States v. Nguyen*, 413 F.3d 1170, 1178 (10th Cir. 2005). Mr. Fulton maintains that he was not predisposed to engage in drug transactions until the confidential informant approached him.

**Admissibility of Evidence**

Mr. Fulton challenges the admission of the confidential informant's testimony about his cocaine purchase on December 31, 2006. Rule 404(b) of the Federal Rules of Evidence provides that evidence of a defendant's prior bad acts

"is not admissible to prove the character of a person in order to show action in conformity therewith," but it may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Admission of evidence under Fed. R. Evid. 404(b) is reviewed for abuse of discretion. *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996).

> There are four requirements for admissibility under 404(b). The evidence of other crimes, wrongs or acts must be introduced for a proper purpose, must be relevant, must have probative value that is not substantially outweighed by the potential for unfair prejudice; and, on request, the trial court must give a jury instruction limiting the evidence to the proper purpose.

*Id.* And "the government must precisely articulate the purpose for which the evidence is offered, and the trial court must specifically identify the purpose for which it is admitted." *Id.* "[F]ailure to do so," however, "is harmless error if the purpose for admitting the evidence is apparent from the record and the decision to admit it is correct." *Id.*

"Although the government normally may not introduce evidence of a defendant's predisposition to engage in criminal activity, it may do so once a defendant submits evidence which raises the possibility that he was induced to commit the crime, usually in the context of an entrapment defense." *United States v. Brannan*, 562 F.3d 1300, 1308 (11th Cir. 2009) (quotation omitted). In other words, "[i]ntroduction of extrinsic evidence is a reliable method for

showing the criminal predisposition necessary to rebut any allegation of entrapment." *Id.*; *see also United States v. Santiago*, 566 F.3d 65, 72 (1st Cir. 2009) ("An entrapment claim allows the government to counter with evidence that the defendant was predisposed to commit the crime. . . ."); *United States v. Abumayyaleh*, 530 F.3d 641, 650 (8th Cir. 2008) ("Evidence of prior bad acts is admissible to show a defendant's predisposition once the defendant has asserted the entrapment defense.") (quotation omitted); *United States v. Emerson*, 501 F.3d 804, 812 (7th Cir. 2007) ("Rule 404(b) also allows the government to introduce evidence of other bad acts in order to show predisposition when the defendant raises an entrapment defense."). And, though predisposition is "viewed at the time the government agent first approaches the defendant" inferences "may be drawn from events occurring after the two parties came into contact." *Nguyen*, 413 F.3d at 1178 (quotation omitted).

In arguing for the admissibility of the confidential informant's testimony about the December 2006 purchase, the government provided reasons consistent with Rule 404(b). Although the district court's evidentiary ruling was terse, it is apparent from the record the challenged evidence was admitted in connection with Mr. Fulton's entrapment defense. Moreover, the limiting jury instruction informed the jury that the evidence was admitted only to show intent and knowledge. We cannot say that the district court abused its discretion in admitting the challenged testimony.

-6-

**Sufficiency of Evidence on Entrapment**

We review sufficiency-of-evidence challenges de novo, viewing the evidence in the light most favorable to the government. *United States v. Parada,* ___ F.3d ___, No. 07-3272, 2009 WL 2602442, at \*5 (10th Cir. Aug. 25, 2009). Our inquiry is limited to "whether sufficient evidence exists to support the jury's verdict," without choosing between conflicting witnesses or judging credibility. *United States v. Hildreth*, 485 F.3d 1120, 1125 (10th Cir. 2007) (quotation omitted). We "will overturn a jury's rejection of the entrapment defense only if *no* reasonable jury could have found that the government proved beyond a reasonable doubt that there was no entrapment." *United States v. Young*, 954 F.2d 614, 618 (10th Cir. 1992) (quotation and ellipses omitted).

Mr. Fulton's sufficiency-of-evidence contention essentially restates the points he made to the jury. In arguing entrapment on appeal, he emphasizes the length of time and number of contacts before the confidential informant persuaded him to participate in the first charged transaction. He also points to the evidence (primarily his own testimony) showing that after his release from prison, he was an engaged parent and spouse, a steady employee, a churchgoer, and a student. Conceivably, a reasonable jury could have accepted Mr. Fulton's contention that he was entrapped: that is, induced to commit the charged offenses even though he was not predisposed to do so.

The trial record, however, also contains contrary evidence. Mr. Fulton's argument is especially wanting on the predisposition prong of his entrapment defense. Predisposition is "a defendant's inclination to engage in the illegal activity for which he has been charged, i.e., that he is ready and willing to commit the crime." *Nguyen*, 413 F.3d at 1178 (quotation omitted). The element "may be shown by evidence of similar prior illegal acts or it may be inferred from defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity." *Id.* (quotations omitted).

There is evidence of Mr. Fulton's possession of cocaine prior to government intercession, his unsolicited December 2006 cocaine purchase, his desire to use the profits to move from Topeka, and his knowledge of drug transactions. Under the applicable standard, the evidence is sufficient to support the jury's disbelief of his entrapment defense.

The judgment of the district court is AFFIRMED .

Entered for the Court

John C. Porfilio
Circuit Judge

-8-