[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14258
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00256-CR-ORL-18GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

DARRELL MELLS,
a.k.a. Darrell Burley,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In this case, the government appeals the district court's failure to apply the

ten-year mandatory minimum sentence under 21 U.S.C. §§ 841(b)(1)(B). Based on the record, we conclude the district court erred and the appellee is due to be resentenced.

Darrell Mells pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(B)(ii). The government timely filed a notice of enhanced penalties under 21 U.S.C. § 851 based on Mells's 1992 drug convictions, which subjected Mells to a mandatory minimum sentence of ten years' imprisonment. This mandatory ten-year enhanced penalty was included in Mells's written plea agreement and the district court advised Mells during the plea colloquy that he faced a mandatory minimum sentence of ten years' imprisonment. In addition, Mells repeatedly acknowledged that he had a prior conviction and faced the enhanced mandatory minimum sentence. Furthermore, the presentence investigation report identified the mandatory minimum sentence as ten years.

At sentencing, the court imposed a term of 60 months' imprisonment without explanation. When reminded that there was a ten-year mandatory minimum due to the enhanced penalty provision, the court stated that the presentence investigation report listed the mandatory minimum as five years and

the court did not find the enhancement applicable.[1]

On appeal, the government argues that the district court lacked authority to sentence Mells below the ten-year mandatory minimum sentence because the government had not moved for a reduction under U.S.S.G. § 5K1.1 and Mells did not qualify for a reduction under the "safety-valve" provisions in § 5C1.2.

Mells responds that the § 851 enhancement notice was deficient in failing to cite the statutory basis for the enhancement or advise him of the enhanced sentence. He contends that the government must strictly comply with the notice requirements.

We review *de novo* the adequacy of a § 851 notice. *United States v. Jackson*, 544 F.3d 1176, 1183 n.6 (11th Cir. 2008); *United States v. Ramirez*, 501 F.3d 1237, 1239 (11th Cir. 2007). Section 851(a)(1) provides as follows:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . . Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1).

---

[1] The PSI, which is part of the record on appeal, clearly identifies the mandatory minimum penalty of ten years' imprisonment.

The purpose of § 851 is to inform the defendant that the government is seeking a sentencing enhancement so that the defendant can challenge the convictions if inaccurate and adjust his trial or pleading strategy with full knowledge of the consequences. *See Ramirez*, 501 F.3d at 1239. "[T]he § 851 notice requirement is jurisdictional: unless the government strictly complies, the district court lacks jurisdiction to impose an enhanced sentence."[2] *Jackson*, 544 F.3d at 1184.

This court generally requires strict compliance with § 851(a)(1)'s filing and service requirements, but has permitted minor errors in the information's contents if the information "unambiguously signaled the government's intent to rely upon a specific prior [drug] conviction" to enhance the defendant's sentence and the defendant is not confused as to which prior conviction forms the basis of his enhancement. *Perez v. United States*, 249 F.3d 1261, 1264-66 (11th Cir. 2001).

Here, the § 851 information stated that based on Mells's prior convictions in 1992 for three drug-related offenses the government "will ask the Court to sentence the defendant to enhanced punishment." A copy of the 1992 judgment of conviction was attached to the information. The indictment identified the amount

_____

[2] Although the government disputes that it is jurisdictional, we are bound by prior precedent. Because the issue is jurisdictional, Mells may challenge the adequacy of the § 851 notice at any time. *See United States v. Giraldo-Prado*, 150 F.3d 1328, 1329 (11th Cir. 1998) (noting that "a party may raise jurisdiction at any time during the pendency of the proceedings").

of drugs involved as 500 grams or more of cocaine under 21 U.S.C. §§ 841(b)(1)(B)(ii). Mells's plea agreement and PSI specified that the sentence included a mandatory minimum of ten years' imprisonment. Mells acknowledged the enhanced penalty at the plea colloquy and again at sentencing. Thus, Mells does not – and cannot – claim he was misled by the notice or that the notice was ambiguous. *Cf. Perez*, 249 F.3d at 1267. The fact that the information did not identify the statute under which the enhancement arose did not render the enhancement inadequate because nothing in the plain language of § 851 requires the government to include such information. *See generally* 21 U.S.C. § 851(a)(1).

The cases Mells cites do not alter our conclusion. *United States v. Bowden*, 2009 WL 32755 (11th Cir.) (unpublished), *cert. denied*, 130 S.Ct. 1014 (2009) (concluding the notice was insufficient because it failed to identify the prior convictions and cited the wrong statute for the enhanced penalty), *United States v. Morales*, 560 F.3d 112 (2d Cir. 2009) (remanding because the § 851 notice was misleading), and *United States v. Campbell*, 980 F.2d 245 (4th Cir. 1992) (permitting the government to amend the notice to correct a clerical error where the notice otherwise clearly identified the prior convictions). Not only are these cases not binding authority but are distinguishable because Mells has not argued that he was misled or confused. Moreover, they do not dictate the result Mells seeks. The

5

Second Circuit in *Morales* and the Fourth Circuit in *Campbell* stated that the § 851 notice was not required to identify the statutory section authorizing the enhancement. *See Morales*, 560 F.3d at 113-14; *Campbell*, 980 F.2d at 252.

We therefore conclude that the § 851 notice in this case was sufficient to fulfill the purpose of the notice requirement. It identified the prior convictions that formed the basis of the enhanced penalty and gave Mells the information to challenge the accuracy of the facts alleged and to plan his strategy. Mells was told repeatedly that he faced a ten-year mandatory minimum sentence, and he repeatedly acknowledged the enhancement. Because the notice was sufficient, the district court erred by failing to apply the enhancement.[3]

Accordingly, we vacate and remand with instructions to resentence Mells in accordance with the mandatory ten-year minimum sentence.

**VACATED and REMANDED.**

---

[3] Once the mandatory minimum applied, the district court could sentence Mells below the statutory minimum only upon a motion by the government based on substantial assistance, U.S.S.G. § 5K1.1, or if Mells qualified for the safety-valve provision, § 5C1.2. Neither instance applied to Mells.