**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES NELSON FULTON,

Defendant - Appellant.

No. 11-3144
(D.C. Nos. 5:10-CV-04123-SAC and
5:07-CR-40117-SAC-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant James Fulton, a federal inmate appearing pro se, seeks
to appeal from the district court's denial of his 28 U.S.C. § 2255 motion.  See
United States v. Fulton, Nos. 07-40117-01-SAC, 10-4123-SAC, 2011 WL
1484174 (D. Kan. April 19, 2011).  Mr. Fulton is currently serving a 120-month
sentence following his conviction on cocaine possession and distribution charges.
This court affirmed his conviction and sentence on direct appeal in 2009.  See
United States v. Fulton, 344 F. App'x 477 (10th Cir. 2009) (unpublished).  His
primary argument on direct appeal was that the government entrapped him with
respect to the drug transactions underlying the indictment.

In his § 2255 motion, Mr. Fulton maintains his counsel was ineffective (1) in failing to object to a lack of compliance with 21 U.S.C. § 851 at sentencing and (2) in not raising or arguing entrapment with respect to the sentence imposed. In a thorough memorandum opinion and order, the district court rejected both arguments. Fulton, 2011 WL 1484174, at *4-6, *8. Because we conclude that Mr. Fulton has not made the requisite showing, we deny his request for a certificate of appealability ("COA") and dismiss the appeal.

In his application for a COA, Mr. Fulton reasserts his claims that counsel was ineffective for failure to object to a deficient § 851 information in the trial court and on appeal, and for failure to assert a sentencing-entrapment argument. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). This standard requires an applicant to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted).

Reasonable jurists could not debate the district court's determination that the information complied with § 851. The statute requires "stating in writing the previous convictions to be relied upon" and provides a procedural mechanism to notify the defendant of the allegation of prior convictions and to allow him an

opportunity to challenge those convictions.  21 U.S.C. § 851(a)-(c);

Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2582 (2010).  There is no

requirement that the statutory penalty section for the underlying offense be listed,

let alone the length of an enhanced sentence.  21 U.S.C. § 851(a)(1); accord

United States v. Morales, 560 F.3d 112, 114 (2d Cir. 2009) ("Section 851 does

not require that a prior felony information identify the statutory basis of a

proposed enhancement or its length . . . .").  To the extent that Mr. Fulton argues

that the requirements of  § 851 are jurisdictional and, therefore, the court's

noncompliance with the § 851 colloquy procedure deprived it of jurisdiction to

enhance his sentence, his position is contrary to the law of the circuit.  United

States v. Davis, 636 F.3d 1281, 1295 n.4 (10th Cir. 2011) ("Failure to file an

information under § 851 does not deprive the district court of jurisdiction to

impose a sentence." (citation omitted)); United States v. Flowers, 464 F.3d 1127,

1129-30 (10th Cir. 2006).  The district court's conclusion that Carachuri-Rosendo

did not elevate the procedural requirements of § 851 to jurisdictional prerequisites

is not reasonably debatable.  Fulton, 2011 WL 1484174, at *6.

     Nor is the district court's conclusion that Mr. Fulton cannot show

ineffective assistance of counsel in regard to his sentencing-entrapment argument

because he cannot demonstrate prejudice.  Because Mr. Fulton had a prior felony

drug conviction, 120 months was the mandatory minimum term of imprisonment

for count three, 21 U.S.C. § 841(b)(1)(B).  Accordingly, the sentencing court

- 3 -

lacked discretion to impose a lower sentence, and the court of appeals could not alter his sentence on this theory. <u>Fulton</u>, 2011 WL 1484174, at *8.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge