[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14881
Non-Argument Calendar

_____

D.C. Docket No. 6:08-cr-00256-GKS-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL MELLS,
a.k.a. Darrell Burley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 16, 2012)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Federal prisoner Darrell Mells appeals the district court's denial of his pro

se petition under 28 U.S.C. § 1361 for a writ of mandamus compelling the

government to file a substantial-assistance motion under Rule 35(b) of the Federal Rules of Criminal Procedure. After review, we affirm.

## I. BACKGROUND

### A. Mells's Guilty Plea

In February 2009, Mells pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. In his plea agreement, Mells agreed to cooperate with the government in the investigation and prosecution of other persons. If Mells cooperated, the government agreed "to consider whether such cooperation qualifies as 'substantial assistance' . . . warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed.R.Crim.P. 35(b)." Mells agreed that he understood that (1) "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida" and (2) he could not and would not "challenge that determination, whether by appeal, collateral attack, or otherwise."

In July 2009, the district court sentenced Mells to 60 months' imprisonment. The government appealed the sentence, and this Court vacated the sentence and remanded with instructions to re-sentence Mells "in accordance with the

2

mandatory ten-year minimum sentence." See United States v. Mells, 383 F. App'x 832, 835 (11th Cir. 2010). On December 21, 2010, the district court entered judgment sentencing Mells to 120 months' imprisonment. Mells did not appeal.

**B. Petition for Writ of Mandamus**

Instead, in August 2011, Mells filed the present pro se petition for a writ of mandamus to compel the government to file a Rule 35(b) motion for reduction of sentence. Mells claimed that he qualified for a sentence reduction under Rule 35(b) because he provided substantial information that led to the arrest and conviction of his brother, Elliot Mack, for the shooting death of William Sancho, III. Mells claimed that, after finding out that Mack committed the crime, he convinced Mack to plead guilty. Mells attached to his petition correspondence between his attorney, Ronald Fox, and the assistant state attorney who prosecuted Mack. The assistant state attorney stated his opinion that the Sancho murder would not have been solved without Mells's convincing Mack to confess.

The government responded to the petition and asserted that a Rule 35(b) motion was unwarranted because Mells never actually talked to federal or state authorities; Mells's attorney told the assistant state attorney that Mells was responsible for convincing his brother to confess to the murder, but Mells himself never actually talked to any state official.

3

On October 7, 2011, the district court denied Mells's petition for mandamus relief.  The district court noted that, although the government may file a Rule 35(b) motion to reward substantial assistance, it may also refuse to exercise this power for any reason except for a constitutionally impermissible reason.  The district court found that Mells failed to allege, much less make a substantial showing, that the government declined to file a Rule 35(b) motion for an unconstitutional motive.  Mells timely appealed.

## II. DISCUSSION

On appeal, Mells argues that the district court abused its discretion because the government was required, under the terms of his plea agreement, to file a Rule 35(b) motion based on his cooperation in the Sancho murder investigation.[1]

Under Federal Rule of Criminal Procedure 35(b), the district court may reduce a defendant's sentence if "the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person" and the government files a motion requesting such relief.  Fed.R.Crim.P. 35(b).  The government has the power, but not the duty, to file a substantial-assistance motion. Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524

---

[1]We review for abuse of discretion the district court's denial of a petition for a writ of mandamus.  Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal., 426 U.S. 394, 403, 96 S. Ct. 2119, 2124, 48 L.Ed.2d 725 (1976).

(1992) (involving substantial-assistance motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)); United States v. McNeese, 547 F.3d 1307, 1308–09 (11th Cir. 2008) (applying Wade to a Rule 35(b) motion). Although the government enjoys broad discretion, the district court may review the government's refusal to file a Rule 35(b) motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. Wade, 504 U.S. at 185–86, 112 S.Ct. at 1843–44.

Under the Mandamus Act, a district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (quotation marks and alteration omitted). The party seeking mandamus must demonstrate that "his right to issuance of the writ is clear and indisputable." In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (quotation marks omitted). Mandamus relief is appropriate only if: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Cash, 327 F.3d at 1258 (quotation marks and alteration omitted).

Here, the district court did not abuse its discretion in denying Mells's

petition for mandamus relief.  As noted above, the law imposes no duty on the government to file a substantial-assistance motion.  See Wade, 504 U.S. at 185, 112 S.Ct. at 1843.  And, because Mells did not allege (much less make a "substantial showing") that the government refused to file a Rule 35(b) motion due to a constitutionally impermissible motive, the district court had no basis for granting the writ.  See id. at 185–86, 112 S.Ct. at 1843–44.

Furthermore, Mells's plea agreement does not require the government to file a substantial-assistance motion.  Rather, the government agreed only to "consider" whether Mells's cooperation constituted substantial assistance.  Given the plea agreement's language—which gave the government discretion to file a Rule 35(b) motion and prohibited Mells from challenging that discretion—Mells can demonstrate neither that he had a clear right to relief nor that the government had a clear, nondiscretionary duty to file a substantial-assistance motion.[2]

**AFFIRMED.**[3]

_____

[2]In any event, even if the government had somehow breached the plea agreement, Mells would still not be entitled to mandamus relief because he had an adequate alternative remedy—namely, a 28 U.S.C. § 2255 motion to vacate his sentence.  See United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008) (stating that a § 2255 motion "may be used to enforce promises made in a plea agreement").

[3]On appeal, Mells also argues that the district court abused its discretion by (1) failing to liberally construe Mells's pro se filings, (2) striking his reply brief in support of his petition, (3) refusing to hold an evidentiary hearing on the petition, and (4) denying as moot his motion to expand the record.  These arguments wholly lack merit, and we decline to address them further.

6