[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13342
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cr-00070-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 4, 2012)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Shane Jones appeals the district court's decision to impose the mandatory

minimum sentence of 120 months imprisonment, following his plea of guilty to

possession with intent to distribute cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B)(iii).

## I.

Jones first argues that his sentence must be vacated because of the Fair

Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010).

Specifically, he notes that, under the FSA, the quantity of crack cocaine necessary

to support a ten-year mandatory minimum sentence for a defendant with a prior

conviction under 21 U.S.C. § 841(b)(1)(B)(iii) is 28 grams.  He asserts that this

quantity was neither found by the district court nor admitted by him.  The

government acknowledges that the FSA applies to Jones, but points out that Jones

conceded the drug quantity in the district court.

The government is correct on this issue.  It is true that, at the change-of-plea

hearing, Jones did not accept the government's allegation that he possessed 33.6

grams of crack cocaine.  Instead, Jones stated that he would "look at the evidence

prior to sentencing" in order to confirm the Drug Enforcement Administration

(DEA) lab report on which the government had relied.  At the sentencing hearing,

however, Jones told the district court that he accepted the figure of 33.6 grams of

crack cocaine.  He also indicated that, as a result, the mandatory minimum

sentence he faced was ten years imprisonment, and he asked the district court to

2

impose that sentence.  In light of this record, we cannot say that the district court erred.

## II.

Jones also argues that the district court improperly enhanced his sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(iii).  He emphasizes that two of the prior convictions identified in the 21 U.S.C. § 851 notice filed by the government were described incorrectly.  We are not persuaded by this argument.

Under our precedent, "the § 851 notice requirement is jurisdictional: unless the government strictly complies, the district court lacks jurisdiction to impose the enhanced sentence."  United States v. Jackson, 544 F.3d 1176, 1184 (11th Cir. 2008) (quotation marks omitted).  Thus, "[w]e review the adequacy of a section 851 notice de novo," United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007), and harmless error review does not apply, United States v. James, 642 F.3d 1333, 1339 (11th Cir. 2011).  Also, because the sufficiency of the notice is jurisdictional, it can be raised at any time.  See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998) (noting that "a party may raise jurisdiction at any time during the pendency of the proceedings").

"[T]his Court has . . . emphasized the importance of the contents of the [§ 851] information."  Perez v. United States, 249 F.3d 1261, 1265 (11th Cir. 2001).

3

This Court has also held, however, that an incorrect description of a prior conviction does not render a notice deficient if the notice "unambiguously signal[s] the government's intent to rely upon a specific prior [drug] conviction" to enhance the defendant's sentence. Id. at 1266. A notice is sufficiently clear, we have indicated, if the defendant "does not allege any confusion as to which conviction the government referred in the [information]." Id. at 1267; see also id. at 1266–67 (holding that notice was not deficient despite an error in identifying the year of a prior conviction).

Here, Jones points out that the § 851 notice incorrectly identified the date of a conviction as November 7, 2002, instead of January 7, 2002. He also states that the notice erroneously described another conviction as one concerning distribution of cocaine, rather than possession of cocaine. However, these are not the types of errors that automatically render a notice deficient, see id. at 1266–67 (discussing with approval cases where similar errors did not render the notice inadequate), and more importantly, Jones "does not allege any confusion as to which conviction[s]" were at issue, id. at 1267. Under these circumstances, we think the notice was sufficiently clear about "the government's intent." Id. at 1266.[1]

---

[1] Jones relies on the unpublished decision in United States v. Bowden, No. 08-11935, 2009 WL 32755 (11th Cir. Jan. 7, 2009), to suggest that the notice was deficient here. Bowden is not binding precedent, however, and other panels of this Court have declined to follow its reasoning.

III.

Finally, Jones argues that one of the convictions identified in the § 851 notice is invalid, in light of Shelton v. Secretary, Department of Corrections, 802 F. Supp. 2d 1289 (M.D. Fla. 2011), rev'd on other grounds, No. 11-13515, 2012 WL 3641008 (11th Cir. Aug. 24, 2012). We need not address this issue because the enhancement provision applied to Jones, 21 U.S.C. § 841(b)(1)(B)(iii), requires only one prior conviction in order to support a mandatory minimum sentence of ten years, and Jones has not challenged the validity of any other conviction identified in the government's § 851 notice.

IV.

For these reasons, we affirm Jones's sentence.

**AFFIRMED.**

---

See, e.g., United States v. Mells, 383 F. App'x 832, 835 (11th Cir. 2010).