United States v. Morales

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand twelve.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                     *Appellee*,

             -v-                                          11-1803-cr

RAMON MORALES,

                     *Defendant-Appellant*.[1]

───────────────────────────────────────────────

Appearing for Appellant:     B. Alan Seidler, New York, N.Y.

Appearing for Appellee:      P. Ian McGinley, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York; Katherine Polk Failla, Assistant United States Attorney, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J*.).

───────────────────────────

[1] The Clerk of the Court is directed to change the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ramon Morales appeals from an amended judgment of conviction, entered April 28, 2011 in the United States District Court for the Southern District of New York (Koeltl, *J.*), sentencing him principally to concurrent terms of 144 months' imprisonment on one count of conspiracy to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a) and 841(b)(1)(B), and 18 U.S.C. § 2. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This appeal comes after Morales was resentenced in accordance with our remand in *United States v. Morales*, 560 F.3d 112 (2d Cir. 2009). On resentencing, the government agreed to the use of the original felony information, thus removing the potential prejudice that arose from using an amended information. The presentence report calculated Morales' offense level at 36 with a criminal history category III, yielding a Guidelines range of 235-293 months' imprisonment.

The defense requested a below-Guidelines sentence. It argued that Morales was 70 years old, suffering from neck and back injuries, and not receiving proper medical care in prison. The government sought a Guidelines sentence. The district court imposed a sentence of 144 months on Counts One and Two to run concurrently, to be followed by a five-year term of supervised release on both counts, also to run concurrently. The district court considered the factors set forth in Section 3553(a), noting, inter alia, that (1) the amounts of drugs and money involved in the offense were substantial; and (2) Morales was previously convicted of a narcotics offense. The district court also took notice of Morales' age, and stated that Morales "ha[d] received prescription pain medications," although he "ha[d] not apparently received physical therapy that he regularly received before being in prison," and stated these factors were the primary reasons for reducing Morales' sentence from 240 months to 144 months.

We "set aside a district court's substantive determination only in exceptional cases where the trial court's determination cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). Specifically, Morales argues that the sentence imposed was unreasonable given his advanced age and ill health. However, the district court considered these age and health factors, along with the other Section 3553(a) factors, and they were the primary reasons the district court chose to sentence Morales to a below-Guidelines sentence 96 months lower than the original sentence. The district court was entitled to weigh the seriousness of Morales' actions against his medical issues. We find no error.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2