[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15898
Non-Argument Calendar

_____

D. C. Docket No. 05-00206-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACK DAVID WOODYARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 21, 2009)

Before BLACK, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Mack David Woodyard appeals his life sentence imposed upon resentencing

for conspiracy to distribute various drugs and two substantive counts related to the sale of those drugs, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. After review, we affirm.

## I. BACKGROUND

Woodyard and ten codefendants were charged in connection with a drug distribution conspiracy. In Count 1 of the second superceding indictment, Woodyard was charged with conspiracy to possess with intent to distribute numerous drugs, including morphine, oxycodone, hydrocodone, methadone and more than 50 grams of crack cocaine. Count 1 also charged several sentencing enhancements, including a mandatory life sentence for the death of Jasen Johns resulting from drugs distributed during the conspiracy. See 21 U.S.C. § 841(b)(1)(A) (requiring a life sentence if the defendant has a prior felony drug conviction and death or serious bodily injury resulted from the use of the controlled substance in the § 841(a) offense). The indictment also charged Woodyard with two substantive counts (Counts 4 and 5) related to the sale of oxycodone on October 11 and October 12, 2002.

Prior to trial, on September 9, 2005, the government filed an information, pursuant to 21 U.S.C. § 851, advising Woodyard that he was subject to the enhanced penalties in § 841(b)(1)(A) based on four prior felony drug convictions:

2

(1) a 1982 Alabama conviction for possession of phencyclidine and/or cocaine and/or marijuana (CC82-4173); (2) a 1985 Alabama conviction for possession of marijuana (CC85-31); (3) a 2004 Alabama conviction for unlawful distribution of a controlled substance (CC04-2309); and (4) a 2004 Alabama conviction for possessing and receiving a controlled substance (CC04-3109). After a trial, a jury convicted Woodyard on all three counts. Among other things, the jury found that Johns' death had occurred from the use of drugs distributed during the conspiracy.

At Woodyard's original sentencing, the district court imposed concurrent mandatory life sentences for each count because Johns' death resulted from the offense and Woodyard had at least one prior felony drug conviction. On appeal, this Court affirmed Woodyard's convictions, but vacated his sentences because there was no evidence establishing that Woodyard had been a member of the drug conspiracy at the time of Johns' death. See United States v. Westry, 524 F.3d 1198, 1220-21 (11th Cir.), cert. denied, Carter v. United States, 129 S. Ct. 251 (2008), and Hinton v. United States, 129 S. Ct. 902 (2009).

On remand, the probation officer prepared a revised sentencing memorandum stating, inter alia, that Woodyard's sentence on Count 1, the drug conspiracy offense, remained a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) because of his four prior felony drug convictions listed in the § 851

3

information.  See 21 U.S.C. § 841(b)(1)(A) (requiring a life sentence if the defendant has two or more prior felony drug convictions).  Woodyard filed a written objection challenging the four prior felony drug convictions in the § 851 information.  In response, the government submitted certified copies of the judgments and other documents related to the prior convictions.

At the resentencing hearing, the district court first considered and overruled Woodyard's objections to the § 851 information.  The district court found that Woodyard had four prior felony drug convictions, any combination of which would support the mandatory life sentence under § 841(b)(1)(A).  The district court imposed the mandatory life sentence on Count 1 (the drug conspiracy offense) and concurrent 324-month sentences on Counts 4 and 5 (the substantive drug offenses).[1]  Woodyard filed this appeal.

---

[1]At the sentencing hearing, the district court's oral pronouncement of the sentence imposed concurrent 60-year sentences as to Counts 4 and 5.  Afterward, the district court discovered a guideline miscalculation.  On the same day Woodyard filed his notice of appeal, the district court sua sponte entered an order pursuant to Federal Rule of Criminal Procedure 35(a) reducing Woodyard's sentences on Counts 4 and 5 to 324 months.

When the court entered its judgment and commitment three days later, it mistakenly stated that Woodyard's sentences on Counts 4 and 5 were 405 months, not 324 months.  Upon Woodyard's motion, the district court entered an order pursuant to Federal Rule of Criminal Procedure 36, correcting this clerical error so that the judgment and commitment accurately reflected the 324-month sentences as to Counts 4 and 5.

We have jurisdiction to review this appeal even though Woodyard filed his notice of appeal before the district court entered the judgment and commitment.  See Fed. R. App. P. 4(b)(2).  Also, the Rule 35(a) and Rule 36 orders related to only Counts 4 and 5, and those orders did not affect the life sentence on Count 1 that Woodyard challenges in his notice of appeal.  See United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005).

## II. DISCUSSION

Section 841(b)(1)(A) provides that a defendant convicted under that section who previously has been convicted of two or more felony drug offenses shall be sentenced to life imprisonment. 21 U.S.C. § 841(b)(1)(A). After the government files an information pursuant to 21 U.S.C. § 851 identifying the prior convictions relied upon to support the § 841(b)(1)(A) enhancement, the defendant may deny a conviction or claim that a conviction is invalid by filing a written response. See 21 U.S.C. § 851(a), (c). The government must prove beyond a reasonable doubt any issue of fact raised by the defendant's written response. Id. § 851(c)(1); see also United States v. Sanchez, 138 F.3d 1410, 1416 (11th Cir. 1998). The defendant must prove by a preponderance of the evidence that a prior conviction is constitutionally invalid and must set forth such claims and their factual basis with particularity. 21 U.S.C. § 851(c)(2).[2] However, a defendant cannot challenge the

---

[2]Section 851 requires the district court to hold an evidentiary hearing if the defendant's written response denies any allegation in the § 851 information or claims that a prior conviction is invalid. See 21 U.S.C. § 851(c)(1). Woodyard claims that the district court erred by holding the § 851 hearing at the beginning of his sentencing hearing. Woodyard did not contemporaneously object to holding the § 851 hearing just prior to his sentencing or move the court to hold a separate § 851 hearing. Indeed, Woodyard's counsel indicated at the sentencing hearing that he was prepared to address the § 851 challenges. Therefore, our review of this § 851 hearing claim is for plain error. See United States v. Taylor, 417 F.3d 1176, 1183 (11th Cir. 2005). Nothing in § 851 or binding precedent requires the district court to hold the § 851 hearing separate from the sentencing hearing. Thus, the alleged error, if any, was not plain. See United States v. Schultz, 565 F.3d 1353, 1356-57 (11th Cir. 2009) ("An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court.").

5

validity of a prior conviction that occurred more than five years before the date that the § 851 information was filed. Id. § 851(e).

On appeal, Woodyard argues that it is impossible to tell, based on the documents submitted by the government, whether his guilty pleas in the 1982 and 1985 felony drug possession convictions (CC82-4173 and CC85-31, respectively) were voluntarily and intelligently entered. However, the government's § 851 information was filed in 2005, more than five years after these two convictions, and thus Woodyard is barred from challenging their validity. See 21 U.S.C. § 851(e). We note, in any event, that Woodyard bore the burden to show that his 1982 and 1985 convictions were unconstitutional, but failed to present any evidence on this issue and, as a result, failed to overcome the presumption of regularity afforded state court convictions. See 21 U.S.C. § 851(c)(2); United States v. Medlock, 12 F.3d 185, 189 (11th Cir. 1994).

Woodyard also argues that the district court erred in finding that he was the defendant in the 1985 drug possession conviction (CC85-31).[3] Woodyard points to the Case Action Summary printed from the Alabama Judicial Information System ("AJIS") indicating that the defendant convicted in CC85-31 is named "Mark D. Woodyard." Woodyard stresses his name is "Mack David Woodyard." However,

_____

[3]We review a district court's findings of fact supporting a sentencing enhancement for clear error. United States v. Rendon, 354 F.3d 1320, 1329 (11th Cir. 2003).

6

this document states that the defendant was born on March 3, 1955, which is Defendant Mack David Woodyard's birthday. The document also contains a handwritten notation "AKA: Mack Woodyard." Another document related to the 1985 conviction listing cash receipts has an entry dated 1985 identifying "Mack Woodyard" as one of Mark D. Woodyard's AKAs. The Case Action Summary also indicates that at least four times the defendant's bond was paid by Pairzetty Woodyard, and identifies Pairzetty as "Defendant's sister." Paragraph 91 of the PSI in this case identifies one of Defendant Mack Woodyard's sisters as Pairzetty Woodyard. Finally, page 5 of the Case Action Summary contains a notation indicating that a second payment schedule had been sent to the defendant and that the defendant "must also pay "CC 90 001134 after this case." This case number corresponds to Defendant Mack Woodyard's 1990 Alabama conviction listed in the paragraph 75 of the PSI with the case number CC90-1134.[4] Under the totality of the circumstances, we cannot say the district court clearly erred in finding that Defendant Woodyard was the man convicted of felony possession of marijuana in case number CC85-31.

Woodyard's 1982 and 1985 felony drug possession convictions are

---

[4]Because Woodyard did not object to paragraphs 75 and 91 of the PSI, his 1990 Alabama conviction in case number CC90-1134 and his sister's name are deemed admitted. See United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009), cert. denied, ___ S. Ct. ___, No. 09-5482, 2009 WL 2240546 (Oct. 5, 2009).

sufficient to support the § 841(b)(1)(A) mandatory life sentence. Therefore, we need not, and do not, address Woodyard's arguments relating to his 2004 felony drug convictions.

**AFFIRMED.**