[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10485

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES BROWN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80004-AMC-1

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Brown Jr. appeals his sentence for one count of possession with intent to distribute heroin and one count of possession with intent to distribute fentanyl. We find that the district court did not plainly err in imposing a 262-month sentence.

## I. BACKGROUND

Mr. Brown was arrested and charged with possession of heroin with intent to distribute and possession of fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The government sought an enhanced sentence pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 851 ("the § 851 enhancement"). It filed a "Notice of Previous Conviction Information" pursuant to § 851 stating that it intended to rely on four prior Florida cases, containing a total of nine prior drug convictions, including the following:

Crime:        Attempted Trafficking in Heroin (14g-28g)
              Possession of Cocaine with Intent to Sell
Date:         December 12, 2019
Jurisdiction: Palm Beach County, Fifteenth Judicial Circuit
Case No.      2019-CF002094A

Crime:        Attempted Trafficking in Heroin (4g-14g)
              Possession of Cocaine
              Attempted Trafficking in Fentanyl
Date:         December 12, 2019
Jurisdiction: Palm Beach County, Fifteenth Judicial Circuit

22-10485                Opinion of the Court                3

Case No.      2019-CF007905A

Crime:        Deliver Cocaine
              Deliver M.D.P.V.
Date:         December 10, 2012
Jurisdiction: Broward Count, Seventeenth Judicial Circuit
Case No.      2011-CF013907A

Crime:        Sale of Cocaine within 1,000 feet of a place of
              worship
              Possession of Cocaine with Intent to Sell
Date:         June 28, 2005
Jurisdiction: Palm Beach County, Fifteenth Judicial Circuit
Case No.      2004-CF06883A

D.E. 24.

On the first day of trial, Mr. Brown changed his plea to guilty for both narcotics charges. During the plea colloquy, Mr. Brown asked: "[W]ould I be able to appeal the sentence if they give me a sentence over?" to which the court replied "Yes. Your appellate rights are what they are, sir[.]" D.E. 107 at 155.

Prior to sentencing, the probation office prepared a presentence investigation report stating that Mr. Brown qualified as a career offender because he had "at least two prior felony convictions of a controlled substance offense or crime violence[.]" The probation office determined that Mr. Brown's advisory guideline range was 262 to 327 months' imprisonment, to be followed by a supervised release term of six years to life.

Mr. Brown filed written objections to the presentence investigation report that included his objections to the government's § 851 notice.  As relevant to this appeal, he objected to the § 851 enhancement on the ground that his prior convictions were the product of ineffective assistance of counsel, but did not raise objections regarding the validity of the predicate offenses for the § 851 enhancement or the career offender enhancement.  At sentencing, Mr. Brown's counsel stated that he was no longer pursuing these objections.

The district court sentenced Mr. Brown to 262 months' imprisonment, followed by six years of supervised release.  Mr. Brown appeals his sentence, arguing that (1) the district court failed to follow the mandatory 21 U.S.C. § 851 procedure for imposing an enhancement, and this was not harmless error because his previous convictions do not qualify as predicates; and (2) the district court erred in imposing the career offender enhancement because the government failed to establish two past offenses that qualify as predicates.

## II. THE § 851 ENHANCEMENT

Mr. Brown argues that the district court erred in applying the § 851 sentence enhancement because his prior convictions do not qualify as valid "felony drug offenses."  Because Mr. Brown did not make this argument below, our review is for plain error.  *See United States v. DiFalco*, 837 F.3d 1207, 1220 (11th Cir. 2016).

A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of

the United States or of a State or foreign county that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Only one prior felony drug offense is required for an enhancement to be imposed pursuant to 21 U.S.C. § 841(b)(1)(C).

### A. VALID PREDICATE OFFENSE

Mr. Brown first argues that his 2005 and 2012 cocaine-related convictions are not "felony drug offenses" because, at the time of those convictions, both the federal government and Florida included iofluplane I in their definition of "cocaine"—a substance which has since been removed from both definitions. To determine whether a prior conviction serves as a valid predicate for an enhancement, we apply a categorical approach, "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). Mr. Brown contends that under this categorical approach, his prior convictions must be presumed to have involved only iofluplane I, and therefore no longer constitute "felony drug offenses."

We recently addressed a similar issue in the context of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides a sentence enhancement for defendants who have previously committed "serious drug offenses." *See United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022). We held that a court must look to whether, at the time of the previous conviction, the offense would have served as a predicate. *See id.* at 858. The Supreme

6                    Opinion of the Court                    22-10485

Court later affirmed this backward-looking approach. *See Brown v. United States*, 602 U.S. 101, 111–15 (2024).

Although the § 851 enhancement involves a different term— "felony drug offenses"—we see no reason not to apply the same backward-looking approach here. *Compare* 21 U.S.C. § 802(44) *with* 18 U.S.C. § 924(e)(2)(A)(ii). Mr. Brown's two cocaine offenses—regardless of whether they involved iofluplane I—constituted "felony drug offenses" at the time of the convictions. That is because iofluplane I was removed as part of the definition of cocaine only after Mr. Brown's convictions. As a result, the 2005 and 2012 convictions still qualify for the purposes of a § 851 enhancement.

Next, Mr. Brown argues that the 2019, 2018, 2012, and 2005 cocaine convictions are not valid predicate offenses because the Florida definition of "narcotic drugs"—a term included in the definition of "felony drug conviction"—is broader than federal definition of "narcotic drugs." The federal government defines "narcotic drugs" to include "cocaine, its salts, *optical and geometric isomers*, and salts of isomers." 21 U.S.C. § 802(17)(D) (emphasis added). Florida defines schedule II drugs to include "[c]ocaine or ecgonine, including *any of their stereoisomers*[.]" Fla. Stat. § 893.03(2)(a)(4) (emphasis added). Mr. Brown contends that the Florida definition is broader than the federal definition because it includes nongeometric diastereomers of cocaine.

Although the government bears the burden of proving that a § 851 enhancement applies, *see United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009), Mr. Brown did not contest at sentencing

whether his prior convictions were "serious drug offenses."  That means we review only for plain error.  *See United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006).  Mr. Brown "has identified no precedent that would make it obvious or clear under current law that the Florida definition of cocaine is overbroad."  *United States v. Laines*, 69 F.4th 1221, 1234 (11th Cir. 2023) (internal quotation marks omitted) (citing *United States v. Candelario*, 240 F.3d 1300, 1309 (11th Cir. 2001)).  And in the past, we have expressed doubt as to whether cocaine has any nongeometric diastereomers.  *See Chamu v. U.S. Att'y Gen.*, 23 F.4th 1325, 1331 (11th Cir. 2022).

Because either one of Mr. Brown's past cocaine convictions would serve as a valid predicate for a § 851 enhancement, we need not address Mr. Brown's arguments regarding his M.D.P.V. conviction or his claims of ineffective counsel regarding his 2018 and 2019 convictions.

### B. Compliance with the § 851 Procedure

In addition to challenging the existence of a valid predicate offense, Mr. Brown argues that the court failed to follow mandatory procedures for imposing the enhancement.  Prior to the imposition of an enhancement under § 841(b)(1)(C), (a) the government must "file an information with the court . . . stating in writing the previous convictions to be relied upon"; (b) the court must, "after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and . . . inform him that any challenge to a prior

conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence"; and (c) if the defendant files a written response challenging allegations in the information or the validity of any of the listed convictions, "[t]he court shall hold a hearing[.]" 21 U.S.C. § 851(c)(1).

Mr. Brown first contends that the information filed by the government failed to "signal unambiguously the government's intent to seek an enhancement based on a particular prior conviction" because it listed multiple convictions. *See* Appellant's Corrected Br. at 20 (quoting *Perez v. United States*, 249 F.3d 1261, 1267 (11th Cir. 2001)). Again, we review for plain error. And the fact that the government listed multiple prior convictions, each of which would serve as a valid predicate for the enhancement, does not impact the effectiveness of the information in fulfilling the requirements of § 851(a).

Mr. Brown next asserts that the district court failed to conduct a colloquy inquiring as to whether he affirmed or denied the underlying convictions and advising him that he would not be able to challenge prior convictions after receiving a sentence, in violation of § 851(b). Failure to conduct a colloquy "can result in very real prejudice to a defendant who learns only after he attempts to challenge the prior conviction that that conviction has become unassailable." *United States v. Cevallos*, 538 F.2d 1122, 1128 (5th Cir. 1976). This is of particular concern where, as here, the district court previously suggested to Mr. Brown that he would be able to appeal his sentence if he received "a sentence over."

22-10485                Opinion of the Court                    9

But we have held that a court's failure to conduct the § 851(b) colloquy constituted harmless error where the predicate convictions were over five years old (meaning that the defendant is barred under § 851(e) from challenging their validity). *See United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990). *See also United States v. James*, 642 F.3d 1333, 1339–40 (11th Cir. 2011). We have already determined that at least two of Mr. Brown's prior convictions are valid predicates, and these two convictions are over five years old. So the failure to conduct a colloquy constituted harmless error.

Finally, Mr. Brown argues that the district court failed to hold a separate hearing to address his response to the information in violation of § 851(c). But the district court did conduct a sentencing hearing at which it inquired about Mr. Brown's written objections. Mr. Brown does not cite any statutory language or precedent suggesting that § 851(c) requires a separate hearing, and we cannot say that the court plainly erred in failing to hold one. *See United States v. Woodyard*, 349 Fed.Appx. 518, 521 n.2 (11th Cir. 2009) (concluding that holding a defendant's § 851 hearing at the beginning of his sentencing hearing does not constitute a plain error); *United States v. Rodriguez*, 851 F.3d 931, 947 n.4 (9th Cir. 2017) (holding that an § 851 hearing can be held directly prior to sentencing); *United States v. Arreola-Castillo*, 539 F.3d 700, 704–05 (7th Cir. 2008) (finding that the § 851(c) hearing requirement was satisfied by the sentencing hearing).

We therefore affirm Mr. Brown's § 851 enhancement.

### III. Career Offender Enhancement

Mr. Brown also objects to the career offender enhancement. Our review is for plain error because Mr. Brown did not lodge this objection below. *See DiFalco*, 837 F.3d at 1220.

The Sentencing Guidelines impose this enhancement on certain defendants who "ha[ve] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In the presentence investigation report, the probation office listed three cases containing five convictions that it identified as predicates: (1) a December 12, 2019 conviction for Count Two, Possession of Cocaine with Intent to Sell; (2) a December 10, 2012 conviction for Count One, Delivery of Cocaine and Count Two, Delivery of 3, 4, M.D.P.V.; and (3) a June 28, 2005 conviction for two counts of aggravated assault with a firearm.

Mr. Brown does not deny that the 2019 cocaine conviction constitutes a "controlled substance offense." As for his 2005 aggravated assault conviction, Mr. Brown initially argued in his brief that aggravated assault is not a "crime of violence" because it is a general intent crime. While the appeal was pending, we reaffirmed a previous decision that Florida aggravated assault qualifies as a predicate under the ACCA's "violent felony" clause, which is nearly identical to U.S.S.G. § 4B1.2's "crime of violence" clause. *See Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023). *See also Somers v. United States*, 355 So. 3d 890, 892 (Fla. 2022) (addressing a certified question from the Eleventh Circuit and holding that assault under Florida law requires a *mens rea* of at least knowing conduct, and

that it is not a general intent crime because it cannot be committed recklessly); *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013) (holding that a Florida aggravated assault conviction "qualifies as a violent felony for purposes of the ACCA"), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015); *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (holding that Florida aggravated assault constitutes a "crime of violence" under § 4B1.2).  Following *Somers*, Mr. Brown conceded that *Somers* foreclosed his challenge to the district court's reliance on his 2005 Florida aggravated assault convictions in applying the career offender enhancement.

Mr. Brown maintains that *Somers* was incorrectly decided. But we are bound by this court's prior precedent.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001).

Mr. Brown's 2019 cocaine conviction, together with his 2005 conviction for two counts of aggravated assault, provide the two requisite prior felony convictions required for the career offender enhancement.  We therefore need not address the arguments regarding the 2012 M.D.P.V. and cocaine-related convictions.

## IV. Conclusion

We affirm Mr. Brown's sentence.

**AFFIRMED.**